## WILLIAMSON v. BRYAN.

(Filed September 18, 1906).

*Ejectment—Issues—Admissions—Title Out of State.*

1. It is the duty of the trial Judge to submit such issues as are neces-
   sary to settle the material controversies arising upon the pleadings,
   and in the absence of such issues or equivalent admissions of record
   sufficiently to reasonably justify a judgment rendered thereon, this
   Court will order a new trial.

2. Where, under the pleadings in an action to recover possession of land,
   the sole controversy relates to the allegation of a boundary-line
   between the lands of the plaintiff and the defendant, the plaintiff
   claiming on the west side of that line and the defendant on the east
   side of it, an issue as to the location of this boundary-line is re-
   sponsive to the allegations of the pleadings, and, taken in connec-
   tion with the admissions, was sufficient to justify the judgment.

3. In an action to recover possession of land, it was unnecessary for
   the plaintiff to show title out of the State, where the answer admit-
   ted that the plaintiff owned all the lands on one side of a well-estab-
   lished boundary-line and the defendant all on the other side.

ACTION by D. H. Williamson against J. H. Bryan to
recover possession of land, heard by *Judge E. B. Jones* and a
jury, at the November Term, 1905, of the Superior Court
of PITT.

From the judgment rendered, the defendant appealed.

*L. I. Moore* and *Skinner & Whedbee* for the plaintiff.
*Jarvis & Blow* for the defendant.

BROWN, J. The principal contention made by the defend-
ant is to alleged error of the Court in the submission of issues
to the jury. The defendant tendered the following issue:
"Is the plaintiff the owner and entitled to the possession of
the narrow strip of land described in the third paragraph of
his complaint?" The Court refused to submit such issue
and submitted the following: 1. Which is the true line divid-

142—6

ing plaintiff's and defendant's lands from the cypress at A to B, as indicated on the map? Ans.: The middle line. 2. Is the plaintiff the owner and entitled to the possession of any lands on the west side of the true line? Ans.: Yes; plaintiff owns all land on the west side of the true line.

The defendant contends that the issues submitted by his Honor are not responsive to the allegations contained in the pleadings and are not sufficient to justify a judgment for the plaintiff. For this position defendant relies upon the case of *Tucker v. Satterthwaite,* 120 N. C., 118. It is well settled that it is the duty of the trial Judge to submit such issues as are necessary to settle the material controversies arising upon the pleadings, and that, in the absence of such issues or *equivalent admissions of record* sufficiently to reasonably justify a judgment rendered thereon, this Court will order a new trial. The pleadings in the case at bar are quite different from those in the case cited. In this case the answer of the defendant is not simply a denial of the plaintiff's title and right to possession of the land in controversy, but it undertakes to set out in a measure the title to the land and to specify and particularize the controversy between plaintiff and the defendant.

In the first allegation of the answer the defendant admits that the plaintiff is the *owner* and entitled to the possession of most of the lands described in the complaint, but he denies that the plaintiff is the owner or entitled to the possession of that part of the land which is described in the third allegation of the complaint if it shall be found that the boundaries set out in the first allegation cover the said strip of land so described in the third allegation. The defendant further says that more than thirty years ago there was a well-established line owned and recognized by the owners of the *lands belonging to the plaintiff and the defendant,* which was well marked and defined and which formed the boundary-line between the lands described in the plaintiff's complaint and

WILLIAMSON *v.* BRYAN.

the adjoining land now owned by the defendant. The answer
further alleges that the defendant and those under whom he
claims held and worked up to this boundary-line, and that
the defendant and those under whom he claims have had
possession up to such well-recognized boundary-line, and that
they have held up to and recognized the said boundary-line
and had possession of the said strip of land, which the defend-
ant claims is on his side of the line, for more than twenty
years, etc. It will be observed that the defendant claims
nothing, either by way of title or possession, beyond the
boundary-line, which he claims was established and recog-
nized by the owners of the lands on both sides more than
thirty years ago.

We think that, under the pleadings in this case, the sole
controversy relates to the allegation of a boundary-line be-
tween the lands of the plaintiff and the defendant, the plain-
tiff claiming on the west side of that line and the defendant
on the east side of it. The form of the first issue is directly
responsive to the allegations of the complaint and the answer
and, taken in connection with the admissions set out in the
pleadings, was amply sufficient to justify the judgment of
the Court.

It is contended that the plaintiff has failed to show title
out of the State. This was unnecessary, because the answer
admits that the plaintiff owns all the lands on one side of
the well-established boundary-line and the defendant all on
the other side. This admission rendered it unnecessary to
prove title out of the State to any of the lands, and made it
only necessary to determine the exact location of this bound-
ary-line, which the jury has located according to the conten-
tion of the plaintiff. Nevertheless, under the second issue,
his Honor did submit to the jury with appropriate instruc-
tions the various phases of the case as presented by the evi-
dence relating to adverse possession of the strip of land in con-
troversy, which issue was also found for the plaintiff. But

in the view we take of it this was unnecessary, because, under the admissions contained in the answer, the controversy between the parties was determined when the jury located the true line between the lands of these adjoining owners; and this finding, coupled with the admissions in the pleadings, is sufficient to sustain the judgment. However, we have examined the evidence, the charge of the Court and the exceptions relating to the second issue, and we find that under that issue the question of adverse possession, etc., was fully submitted to the jury with proper instructions, and we think the exceptions are without merit.

No Error.