BENNETT v. BEST.

(Filed October 2, 1906).

*Usury—Evidence—Intent—Transaction with Deceased—
Declarations of Personal Representative of Creditor.*

1. The mere fact that the amount received by the debtor is less than the apparent principal of the debt, and treating the amount thus received as the true principal would render the transaction usurious, will not alone constitute proof of usury.

2. In order to establish usury, the jury must be satisfied by a clear preponderance of proof, not only that the debtor has paid more than the legal rate of interest, but that the creditor at the time he received it knew it was usury, and that there was in the mind of the lender a wrongful intent and purpose to take more than the lawful rate for the use of his money.

3. In order to prove usury, it is competent to prove the facts and circumstances connected with the matter, the amounts actually paid, amounts actually due, and the calculations made.

4. In an action to foreclose a mortgage, where the defendant pleads as a defense usury, the testimony of a witness as to a transaction with plaintiff's intestate is not incompetent under sec. 590 of The Code (Rev., sec. 1631), in that the witness is a son of the defendants and resides on the mortgaged land without payment of rent.

5. In an action to foreclose a mortgage, in order to establish the defense of usury, it is competent for the defendant to prove any declaration made by the plaintiff, who is the personal representative of the deceased creditor, tending to prove that usurious interest was paid.

ACTION for the foreclosure of a mortgage by R. D. Bennett, executor of E. J. Bennett, against W. R. Best and wife, heard by *Judge James L. Webb* and a jury, at the February Term, 1906, of the Superior Court of DUPLIN.

Defendants set up as a defense usury in the note secured by the mortgage. Issues were submitted to the jury and answered as follows: "1. Has plaintiff or plaintiff's intestate charged, taken, reserved, or received from the defendant, knowingly, interest at a greater rate than 8 per cent. per

BENNETT *v.* BEST.

annum on the debt sued upon in this action? Answer: No.

"2. Did Francis C. Best sign the note sued on as surety? Answer: Yes.

"3. Is the action barred by the statute of limitations as to defendant Francis C. Best? Answer: No.

"4. Are defendants indebted to plaintiff; if so, in what amount? Answer: Three hundred and fifty dollars ($350), with interest at 8 per cent. from date of note, less credit on back of note."

From the judgment rendered, defendants appealed.

*Carlton & Williams* for the plaintiff.
*Kerr & Gavin* and *F. R. Cooper* for the defendants.

BROWN, J., after stating the case: We agree with the learned counsel for the plaintiff that the mere fact that the amount received by the debtor is less than the apparent principal of the debt, and that treating the amount thus received as the true principal would render the transaction usurious, will not alone constitute proof of usury. *Jones v. Gibson,* 113 Ga., 32; *Tallman v. Sprague,* 18 N. Y. Sup., 207. In order to establish usury, the jury must be satisfied by a clear preponderance of proof, not only that the debtor has paid more than the legal rate of interest, but that the creditor at the time he received it knew it was usury, and that there was in the mind of the lender a wrongful intent and purpose to take more than the lawful rate for the use of his money.

As a step in the order of their proof the defendants should be permitted to prove the facts and circumstances connected with the matter, the amounts actually paid, amounts actually due and the calculations made. In this case defendants contend that they originally borrowed, on 21 November, 1883, $175 from plaintiff's intestate and secured same by mortgage on certain lands; that on 6 January, 1886, after crediting payments, a renewal note was taken for $206.25, and that on

22 March, 1892, another renewal note was taken for $350, which is the note sued on. The complaint sets out the payments which plaintiff admits have been paid on this note.

Defendants contend that they received no other consideration whatever for the $350 except the original $175, and that if all payments are credited and only 8 per cent. interest calculated, there is only $82.64 due. It is, of course, incumbent on defendants to satisfy the jury of the truth of such allegations before the question of intent is reached. In the course of the trial the defendants' counsel asked several questions of witness R. C. Best, which were excluded by the Court, and exceptions noted. We will notice only a few:

"Q. Who, if anybody, acted as agent for Miss E. J. Bennett in taking the note and mortgage sued on in this action, and in calculating interest or parts of the principal, and in taking renewals on the note or notes during the time after the loan of the money claimed in the complaint?"

"Q. State if you were present at any time when R. D. Bennett, the plaintiff in this action, made any calculation of interest or caused any calculation of interest to be made by any other person for him on the note sued on in this action."

"Q. Did you at any time hear any calculation made or see any calculation made by the plaintiff and defendant or either of them about the note and debt sued on in this action?"

Defendants' counsel also asked witness Oats questions which were excluded, and exceptions duly noted:

"Q. State any conversation or any transaction you may have seen or heard between the plaintiff and the defendant W. R. Best, relative to the note sued on in this action."

"Q. State whether or not you have had any conversation with R. D. Bennett, since he became administrator of E. J. Bennett, relative to the note or debt described in this action."

The objection to the testimony of R. C. Best is to his competency as a witness under sec. 590 of The Code (Rev., sec.

BENNETT *v.* BEST.

1631), in that he is a son of the defendants and resides on the mortgaged land without payment of rent. He has no legal interest in the land and therefore no legal interest in the event of the action. *Bunn v. Todd,* 107 N. C., 266. The fact that he is the son of defendants and that they permit him to reside on their land, while it may go to his credibility, does not affect his competency as a witness to testify to a transaction with plaintiff's intestate. *Sutton v. Walters,* 118 N. C., 495. These questions, however, point rather to transactions with the plaintiff himself and do not come within the purview of the statute. Any declaration plaintiff made germane to the matter at issue is competent against him.

We see no objections to the form of the questions asked witness Oats and to his competency as a witness to answer them if he can. The record does not state what defendant expected to prove by the witness. We can only surmise as to that from the tenor of the questions.

The plaintiff, R. D. Bennett, is the personal representative of the deceased creditor. If he has made any declaration to the witness tending to prove that usurious interest was paid, it is competent for defendant to prove it.

New Trial.