J. Y. DOSTER AND KATE W. DOSTER v. J. R. ENGLISH AND S. O. BLAIR.

(Filed 13·April, 1910.)

1. Judgment Non Obstante—Plaintiff's Motion.

A plaintiff's motion for judgment *non obstante* cannot be granted unless the answer confesses the cause of action and sets up matters in avoidance which are insufficient, although found true, to constitute either a defense or a bar to the action.

2. Usury—Loan—Intent—Deeds and Conveyances—Evidence—Instructions.

The defendant having bought plaintiff's land and obtained a deed from a commissioner appointed by the court in a suit to foreclose a mortgage, conveyed the lands to plaintiff at an advanced price. There was conflicting evidence as to whether the defendant's purchase and resale was under an agreement with plaintiff to buy the lands for them and loan the purchase money, or a *bona fide* purchase by him and a resale to plaintiffs at a profit. In an action for usury under Revisal, sec. 1910: *Held,* no error to instruct the jury, that if the transaction was a loan of money with the intent of defendant to exact an unlawful profit for the use of the money, it was usurious; otherwise, if it was a *bona fide* purchase and resale of the land; and defendant's testimony as to his intent in making the transaction was competent.

3. Same—Evidence—Attorney and Client—Agency.

The testimony of agents and attorneys who negotiated and managed the whole transaction for the parties is competent to show its purpose and character. ·

APPEAL from *Lyon, J.,* at February Term, 1910, of UNION.

Civil action brought by plaintiffs to recover the penalty for usury given by Revisal, sec. 1951, if brought within two years. Section ·396.

The following issues were submitted:

1. Was the deed of W. S. Blakeney, commissioner, to the defendants intended as a security for money furnished by the defendants to pay off the Jefferson Bank judgment, the cost of that action, the taxes and insurance against the *feme* plaintiff's property, as alleged in the complaint? Answer: No.

2. Did the plaintiff contract to buy of the defendants the two houses and lots described in the complaint, as alleged in the answer? Answer: Yes.

3. How much money did the defendants furnish to pay off the liens and charges against said property on 13 June, 1908? Answer: $4,343.32.

4. What amount did the defendants collect out of the plaintiffs? Answer: $5,012.37.

5. Did the defendants knowingly take and receive more than 6 *per cent interest* (6%) on the money advanced to pay off the liens and charges against the property described in the complaint? Answer: No.

6. What was the total amount collected by the defendants over and above the amount advanced by them? Answer: $669.05.

The plaintiff moved for judgment *non obstante veredicto.* The court declined to grant the motion, and rendered judgment for defendants. Plaintiffs excepted and appealed.

*A. M. Stack* for plaintiffs.
*R. W. Lemmonds* and *Redwine & Sikes* for defendants.

BROWN, J. The facts are that plaintiffs had mortgaged the wife's property to a bank and foreclosure proceedings in default of payment were had in the Superior Court of Union County.

The property was sold under the decree and was bid off for $4,100. The bid was raised by defendants, who purchased it at their advanced bid. It is claimed by plaintiffs that this was done for their benefit and in pursuance of an agreement to loan them the money, including a bonus of $350, and that although the legal title was held by defendants, it was in effect a mortgage to secure the money advanced. The defendants contended that the transaction was a sale to them and a resale by them to the plaintiffs, and that the "profit" charged in the transaction was legitimate. Some of the property was sold afterwards by consent, and the sum claimed by defendants paid in full by plaintiffs, including the "$350 profit."

The plaintiffs contend that the transaction was a loan by defendant to pay off and discharge the prior mortgage debt, and that the $350 was a bonus (in addition to 6 per cent interest) charged for the use of the money. The defendants contend that it was not a loan, but a purchase by them outright, and that they sold to plaintiffs at a profit. The motion for judgment *non obstante* was properly overruled. As we have recently said, such motion can only be granted when the plea confessed the

cause of action and set up matters in avoidance which are insufficient, although found true, to constitute either a defense or a bar to the action. *Shives v. Cotton Mills,* 151 N. C., 291.

In the case at bar, the essential facts pleaded by plaintiffs and necessary to make out their cause of action, have been found against them.

In order to constitute a usurious transaction, four requisites must appear: (1) There must be a loan, express or implied; (2) an understanding between the parties that the money lent shall be returned; (3) that for such loan a greater rate of interest than is allowed by law shall be paid or agreed to be paid, as the case may be; and (4) there must exist a corrupt intent to take more than the legal rate for the use of the money loaned.

The text-writers declare that these rules are applicable everywhere and under the usury laws of every State, and that unless these four things concur in every transaction it is safe to say that no case of usury can be declared. Tyler on Usury, p. 110; Webb on Usury, sec. 18, and cases cited; *Bennett v. Best,* 142 N. C., 168; *U. S. v. Wagoner,* 34 U. S., 378. A profit, greater than the lawful rate of interest, intentionally exacted as a bonus for the loan of money, imposed upon the necessities of the borrower in a transaction where the treaty is for a loan and the money is to be returned at all events, is a violation of the usury laws, it matters not what form or disguise it may assume.

Where the facts are admitted and the unlawful intents plainly manifest from them, the Court may declare a transaction usurious as a matter of law. Applying these well-settled principles, it is plain the Court could not declare this transaction usurious as matter of law. It is true, the plaintiffs gave their note for $4,728.65 and the deed for the lands was made to defendants by the commissioner, but there is nothing in the written exhibits indicating that the note was given for money loaned rather than for the purchase price of the property.

That is the mooted question in the case, and one that could only be solved by the jury.

His Honor substantially charged the jury that if the transaction was a loan of money, and the purpose and intent of plaintiffs was to exact an unlawful profit of $350 for the use of the money, it was usurious. But if it was a *bona fide* sale and purchase of land, and not a loan of money to pay off the previous lien, then the transaction was not usurious. We think the charge of the court placed the matter correctly and clearly before the jury.

The exceptions to the evidence are without merit. They principally relate to the admission of the testimony of Williams,

Armfield, Blair and English. Williams was the agent and attorney of the defendants, and Armfield was the agent and attorney of plaintiffs, and as such negotiated and managed the whole transaction. *Martin v. Platt*, 58 N. Y., 437, and cases cited. Abbott's Trial Evidence (2 Ed.), pp. 1009 and 1010.

The intent and purpose of the parties in making and entering into this transaction is the "pole star" that must guide the jury in determining the all-important fact in the case, to wit, Was the transaction a loan or purchase and sale? If the transaction was a purchase, and was so intended by the defendants, then, certainly, there could not be usury. We think, therefore, that it was proper and not objectionable for defendants to testify as to what their intention and purpose was in entering into the transaction. *Bennett v. Best, supra.*

No error.