W. H. AND J. S. ELKS v. ADAM HEMBY AND WIFE.

(Filed 25 September, 1912.)

1. Deeds and Conveyances — Mortgages —Fraud— Usury—Issues— Equity—Cancellation—Decrees.

The vendee of lands, an ignorant man, applied to plaintiff for the loan of $1,900 to complete his purchase, and, with evidence to the contrary, there was evidence tending to show that plaintiff took a mortgage on the land to secure the loan, with an excess of $1,100, making the amount of the mortgage debt $3,000; that thereafter it was agreed that defendant's vendor should convey the lands to the plaintiff, who was to receive back the mortgage for the $3,000, and defendants went into the possession of the lands; that thereafter plaintiffs declined to make the arrangements unless the mortgage was executed for $3,800, which was given, and when the note it secured fell due the plaintiff began proceedings to foreclose, and a temporary injunction was issued. As to whether the second transaction was a resale of the land for $3,800, secured by a mortgage: *Held*, (1) Issues were properly submitted: was the real transaction a purchase of the lands by defendant from the original vendor with a loan of money from the plaintiff for their payment, and as to the amount and interest of the loan? (2) A decree was proper, upon affirmative findings to the issues, that the payment of the sum found to be due would be a full satisfaction of the mortgage debt and declaring the cancellation of the excess. (3) Evidence

was competent to show the circumstances under which plaintiff acquired his deed, and the understanding of the parties at the time.

2. **Deeds and Conveyances—Mortgages—Fraud—Burden of Proof— Opening and Conclusion—Practice.**

   The burden is upon the defendant, who has admitted giving a note and mortgage, to show that it was excessive and procured by plaintiffs' fraud, when he relies upon this defense, with evidence tending to support it; and he has the opening and concluding arguments to the jury.

3. **Appeal and Error — Lower Court — Opening and Concluding Speeches.**

   The determination of the lower court as to which party litigant should open and conclude the argument to the jury is not appealable.

APPEAL by plaintiff from *Foushee, J.,* at March Term, 1912, of PITT.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Jarvis & Blow for plaintiffs.*
*H. Skinner and F. G. James & Son for defendants.*

CLARK, C. J.   This is an action to foreclose a mortgage. The defendant, Adam Hemby, who is an ignorant colored man, applied to the plaintiffs, who owned a store in the neighborhood, to lend him $1,900 to assist in purchasing a tract of land. The plaintiffs agreed to do so, but required, as defendants allege, a bonus of $1,100 and a mortgage for the $3,000 payable in ten annual installments, with interest. Subsequently, the vendor, on the suggestion of the plaintiffs and with the assent of the defendant, conveyed the land directly to the plaintiffs, with an understanding, as the defendants contend, that the plaintiffs were to convey same to Hemby and receive back the mortgage for $3,000 as aforesaid, and the defendants went into possession of the land. But subsequently the plaintiffs declined to make the arrangements unless the mortgage was executed for $3,800. This was given, and when the first note fell due the plaintiffs brought this action to foreclose the mortgage. The defendants immediately applied for a restraining order and asked an ac-

counting, and alleged that all of the debt in excess of $1,900 was void because usurious. The injunction was continued to the hearing.

The plaintiffs contended that the transaction was a straight sale of the land to the plaintiffs for $1,900 and a resale by them to the defendants for $3,800 secured by mortgage. The jury found upon the conflicting evidence, on the issues submitted to them, as follows:

1. Was the real transaction stated in the pleadings a purchase of land by Adam Hemby and wife from Mark Wilkes, and a loan of money by plaintiffs to defendant Adam Hemby, to pay for such land? Answer: Yes.

2. If so, how much money did plaintiffs loan to Adam Hemby? Answer: $1,900, with 6 per cent interest from 8 January, 1910.

Thereupon the court rendered judgment for that sum, and appointed commissioners to advertise and sell if said amount and interest was not paid in sixty days. It was further decreed that the payment of such sum, with interest, should be in full payment and satisfaction of the debt, and all in excess thereof was declared null and void and canceled.

This decree is in accordance with the verdict. *Riley v. Sears,* 154 N. C., 516; *Doster v. English,* 152 N. C., 339; *Bennett v. Best,* 142 N. C., 168; *Erwin v. Morris,* 137 N. C., 50; *Ward v. Sugg,* 113 N. C., 489. The error is not in favor of the defendants, who could have had all interest struck off and recovered the penalty, if he had asked for it. Revisal, 1951.

Exceptions 1 and 13 are to the opening and conclusion, which were properly held to be upon the defendant. The defendant having admitted the execution of the notes and mortgage, the burden was upon him to show the matters alleged in avoidance. Besides, as to the argument, the ruling was not appealable. Rules of Superior Court No. 6, 140 N. C. Exceptions 3, 5, 6, and 8 were to the admission of evidence which was offered to show that the vendor, Mark Wilkes, contracted to sell his land, not to plaintiffs, but to Hemby, and under what circumstances he conveyed to plaintiffs, and the understanding of the parties at the time. This evidence was both pertinent and relevant.

BANK *v.* BROWN.

The exception to the form of the issues cannot be sustained. They properly presented the issue which arose upon the pleadings as to the "true inwardness of the transaction," and, if found with the defendants, then the amount of the money loaned. *Williamson v. Bryan,* 142 N. C., 81; *Gray v. Jenkins,* 151 N. C., 80.

The court properly refused to nonsuit the defendant as to the matters set up in his counterclaim, and also properly refused a motion *non obstante veredicto. Doster v. English,* 152 N. C., 339; *Shives v. Cotton Mills,* 151 N. C., 291.

The other exceptions are abandoned.

No error.