CLARK, C. J., dissenting; WALKER, J., concurring in the dissenting opinion.
This is an action on a note for $500 executed on 9 May, 1916, by the defendant Osborne to the defendant Abel, and indorsed by Abel to the plaintiff, to which the plaintiff interposes the plea of usury, alleging that the note was given for the balance of a loan of $1,000 on which usurious interest was charged, and that if the payments made are applied to the loan without interest nothing is due the plaintiff.
The plaintiff in her testimony gave the following account of the original loan: "I loaned Mr. Osborne, on 5 March, 1908, $1,000. Mr. Osborne was connected with the bank down here and he was building a handsome home at Hazelwood, and he came to me a time or two — he knew I had a little money in the bank — and under the pretense of friendship told me he thought I might make a little more than I was in the bank, and he needed some money, and under this pretense I loaned him $1,000. At his suggestion a note was written and given to me for $1,080. Let him have $1,000. The $80 represented the interest for the following year; Mr. Osborne suggested that that be put in. Mr. Osborne only got $1,000." *Page 668 
The plaintiff admitted that the defendant paid her interest on the loan for the years 1908 to 1913, inclusive, amounting to $592, and offered evidence that upon his failure to make further payment she brought an action on the note for $1,080, to which the defendant made the same plea of usury as in this action; that this action was by agreement settled and compromised by the elimination of usurious interest, and paying six per cent on the loan; that pursuant to the settlement the defendant paid the plaintiff $500, and executed the note sued on in this action, and another note for $100, and that the settlement was approved by the judgment in the former action, which is as follows:
"This cause coming on to be heard at May Term, 1916, of the Superior Court of Haywood County, before his Honor, B. F. Long, judge presiding, and holding said term of court; and it appearing to the court, and the court finding as a fact, that the plaintiff and defendants have settled the debt sued upon and have agreed that the costs be taxed against the defendant, R. E. Osborne;
"It is therefore considered, ordered, and adjudged that the matters and things between the plaintiff and the defendants are compromised, and that R. E. Osborne, one of the defendants, pay the cost of the action to be taxed by the clerk. B. F. LONG, Judge Presiding."
This evidence was not contradicted by the defendant. The defendant filed four requests for instructions to the jury, all being predicated upon the idea that the evidence and admissions of the plaintiff showed that the note for $500 sued on in this action was a part of the original loan of $1,000, which was usurious, and therefore did not bear interest, and that as the payments made amounted to $1,092 there was nothing due the plaintiff.
These instructions were refused, and the defendant excepted, and assigned the same as error in the following words:
"6. That his Honor erred in not giving the special instructions to the jury as tendered by the defendants, as shown by defendant's exception No. 7."
There is no exception to the charge. The jury returned the following verdict:
"1. Does the note sued on in this action represent in whole or in part usurious interest charged by plaintiff and paid by defendant on the note for $1,080? Answer: `No.'
"2. If so, to what extent? Answer:
"3. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: `$500, with interest from date of note, 9 May, 1916, at rate of 6 per cent per annum.'" *Page 669 
Judgment upon the verdict in favor of the plaintiff, and the defendants appealed.
There are four requisites of a usurious transaction:
"(1) There must be a loan, express or implied; (2) an understanding between the parties that the money lent shall be returned; (3) that for such loan a greater rate of interest than is allowed by law shall be paid, or agreed to be paid, as the case may be; and (4) there must exist a corrupt intent to take more than the legal rate for the use of the money loaned." Doster v. English, 152 N.C. 341.
"The corrupt intent mentioned in the books consists in the charging or receiving the excessive interest with the knowledge that it is prohibited by law, and the purpose to violate it. Our statute makes it usury if the interest is knowingly charged or received at the unlawful rate." MacRackanv. Bank, 164 N.C. 26.
Applying these principles, it is clear that the original loan of $1,000 was usurious, and the legal effect of the usury could not be avoided by the execution of a separate note for the interest, or by giving new notes, in renewal of the old. Ervin v. Bank, 161 N.C. 47.
A borrower is not, however, compelled to plead usury, and as the defense is personal to him it may be waived.
A case in point is Berk v. Bank, 161 N.C. 206, from which we quote at length, because the principle declared covers the question involved in this appeal, and the principle cannot be understood without a statement of the facts.
The Court says in that case: "We find that the main exception relates to the ruling of the court upon the question of usury. Plaintiffs made to J. L. Armfield on 16 May, 1906, their note for $5,500, secured by a mortgage on the property of the partnership, which was duly executed by them and their wives. It appears that they only received $4,500, and, as they alleged, the balance, or $1,000, was usurious interest. While the reference did not find explicitly that the $1,000 was illegal interest, he did find that the plaintiffs came to a settlement with the defendant, or the defendant with them, and the negotiations resulted in an agreement of compromise, which was reduced to writing and the substance of which is that J. L. Armfield agreed to pay and the plaintiffs to receive the sum of $600, and the latter, in consideration of the said sum, released Armfield from any and all liability for and on account of the said usurious transaction, and it is so denominated in the release, being called by circumlocution `all amounts paid in excess of the legal *Page 670 
rate of interest for any and all money heretofore loaned to (plaintiffs) by J. L. Armfield,' and `the said excess being $600, and the payment of the same, it is agreed, shall be in full settlement of all liability therefor, and of any and all causes of action which can arise therefrom.' This was undoubtedly an admission of the defendant that the transaction in which he took the note for $5,500 was tainted with usury, and that he was in danger of losing, not only his legal interest on the note, but double the amount in interest which had been paid to him by his debtors. He therefore very prudently and wisely set about to make terms with the plaintiffs, and to relieve himself of this statutory liability, by paying $600 in compromise and adjustment of the whole amount that might have been exacted. `The statutes of usury being enacted for the benefit of the borrower, he is at liberty to waive his right to claim such benefit and pay his usurious debt, if he sees fit to do so. It is, therefore, held that when the debtor becomes a party to a general settlement of preceding usurious transactions, made fairly and without circumstances of imposition, his recognition of the amount agreed to be due as a new obligation will preclude his setting up the old usury in defense of the new debt. This rule is not held to apply, however, unless it is clear that the debtor has fully accepted the settlement as a just debt separate and distinct from the preceding usurious obligations.' 39 Cyc., 1024. The $600 thus paid to the plaintiffs became their money, and was in no way involved in the account. Its payment in final settlement of the usurious transaction simply purged it of the taint, or eliminated the usurious feature, and reduced the principal to $4,500. That was the new principal, and bore legal interest."
If, as was held, a compromise and settlement followed by the execution of a release purges the transaction of usury, surely the same effect should be given to a compromise and settlement, in which the usury is eliminated, and which is approved by a judgment of the court.
It follows, therefore, that there was no error in refusing to give the prayers for instruction.
We have considered the exception of the defendant, although it is not assigned as error according to our rules, which require the error complained of to be "definitely and clearly presented, and the Court notcompelled to go beyond the assignment itself to learn what the question is.The assignment must be so specific that the Court is given some real aid, and a voyage of discovery through an often voluminous record not rendered necessary." Thompson v. R. R., 147 N.C. 413, approved in Porter v. LumberCo., 164 N.C. 396.
If there is an exception to an instruction refused or given, or to the admission or exclusion of evidence, the instruction or evidence should be set out in the assignment, and upon failure to do so the Court may disregard the assignment. *Page 671 
As late as Wheeler v. Cole, 164 N.C. 380, approved in Carter v.Reaves, 167 N.C. 132, the Court said: "It would not consider exceptions not set out in compliance with the plain requirements of our rules as construed by this Court."
There are several exceptions in the record, which we need not consider, as we rest our decision on facts that are not in dispute.
No error.