FEDERAL RESERVE BANK OF RICHMOND v. J. A. JONES, TRADING AS
JONES & GENTRY.

(Filed 10 January, 1934.)

**1. Jury C a—Where parties admit facts sufficient to support judgment
they waive right to trial by jury.**

Where after the jury has been empanelled the parties to an action on a
note admit facts sufficient to support a judgment determining the rights
of the parties under the law applicable to such facts, the refusal of the
court to submit issues to the jury will be upheld. C. S., 568.

**2. Usury A b: Bills and Notes C e—Holder in due course may recover
principal of note although payee withheld part thereof to avoid usury
law.**

The charge of usury on a negotiable note does not render the note
void as to the principal thereof but only the promise to pay usurious
interest is void, and interest thereon is forfeited in an action on the note
brought by the payee or a holder in due course, but where the payee
withholds from the borrower a part of the face amount of the note,
the same being a device to evade the usury laws, the borrower is entitled
in equity to have the note credited with the amount so withheld upon
the maturity of the note as against the payee, C. S., 2306, but as against
a holder in due course he may not enforce such equity, C. S., 3038, and
the holder in due course is entitled to recover the principal of the note
with interest thereon from the date of judgment.

APPEAL by defendant from *Harris, J.,* at April Special Term, 1933,
of FORSYTH. Affirmed.

This is an action to recover on a note for $7,800, which was executed
by the defendant, J. A. Jones, trading as Jones and Gentry, and pay-
able to the order of the Peoples' National Bank, at Winston-Salem,
N. C. The note is dated 6 June, 1931, and was due and payable on 6
July, 1931. This action was begun on 5 March, 1932, and was tried
in the Forsyth County Court, at the January Term, 1933.

It is alleged in the complaint that prior to the maturity of said note,
the Peoples' National Bank endorsed and delivered the same, for value,
to the plaintiff, Federal Reserve Bank of Richmond. This allegation is
denied in the answer.

It is further alleged in the complaint that the plaintiff is now the
owner and holder in due course of said note; that the defendant has
not paid the said note, or any part thereof, except the sum of $69.54,
which has been duly credited on the note; and that there is now due
on said note the sum of $7,730.46, with interest from 6 July, 1931. In
his answer, the defendant admits that he has not paid said note or any
part thereof, except the sum of $69.54; he denied, however, that there

is now due on said note the sum of $7,730.46, with interest from 6 July, 1931. He also denies that plaintiff is the holder in due course of said note.

In his further answer to the complaint, the defendant alleges that at the date of the execution of said note, the Peoples' National Bank, knowingly took, received, reserved and charged interest on said note at a rate in excess of six per cent per annum; that the said Peoples' National Bank loaned to the defendant, on said note, only the sum of $5,800, and withheld from him the sum of $2,000, which was not paid to him, or held by said bank subject to his check; and that by this device, the defendant was required to pay and did pay to said Peoples' National Bank interest on the money loaned to him at a rate in excess of six per cent per annum. The defendant prays judgment that plaintiff recover in this action only the amount received by him from the Peoples' National Bank, to wit: the sum of $5,800, less the sum of $69.54, without interest.

At the trial in the Forsyth County Court, after the jury had been empanelled to try the issues raised by the pleadings, it was admitted by the parties, that the plaintiff, Federal Reserve Bank of Richmond, is the owner and holder in due course of the note sued on in this action; that at the date of the execution of said note, the payee, the Peoples' National Bank, knowingly took, received, reserved and charged interest thereon at a rate in excess of six per cent per annum; and that the said Peoples' National Bank advanced to the defendant on said note only the sum of $5,800, and withheld from him the sum of $2,000, which was not paid to the defendant, or held by said bank subject to his check.

Because of these admissions, the court did not submit issues to the jury. On the facts admitted, judgment was rendered that plaintiff recover of the defendant the sum of $7,730.46, with interest from 4 February, 1933, and the costs of the action. From this judgment, the defendant appealed to the Superior Court of Forsyth County. At the hearing of this appeal, the judgment was affirmed, and the defendant appealed to the Supreme Court.

*John J. Ingle and M. G. Wallace for plaintiff.*
*Joe W. Johnson and S. E. Hall for defendant.*

CONNOR, J. There was no error at the trial of this action in the Forsyth County Court in the failure of the judge of said court to submit issues to the jury. The admissions made by the parties, after the jury was empanelled to try the issues raised by the pleadings dispensed with the necessity of submitting issues to the jury. The facts admitted were sufficient to support a judgment in the action, determining the

rights of the parties under the law applicable to these facts. Defendant's exceptions with respect to the issues were properly overruled by the Superior Court. C. S., 568.

Under the law in this State, a note executed and delivered as evidence of the promise of the maker to pay to the payee or his order a sum of money which has been loaned by the payee to the maker, is not void, although the payee has, knowingly, taken, received, reserved, or charged interest on the note at a greater rate than six per cent per annum, which is the legal rate in, this State; only the promise, in such case, to pay interest is void. C. S., 2306.

For this reason, the payee in an action to recover on a note on which he has charged or received usury, may recover the principal of said note only. In such cases, the entire interest is forfeited. The promise to pay such interest is void and will not be enforced by the court. *Ward v. Sugg,* 113 N. C., 489, 18 S. E., 717.

When a note, on which the payee has charged or received usury, and which is negotiable in form, has been endorsed and delivered by the payee, before maturity, for value, and without notice of any defect in the title of the payee, or of any equity which the maker is entitled to enforce against the payee, to a third person, who thereby becomes a holder in due course of the note, such holder in an action on the note may recover of the maker the principal of the note, but cannot recover interest thereon, for the reason that the law declares the promise to pay interest, in such case, void. The note is void as to interest, whether at the time the action is commenced, it is in the hands of the payee, or in the hands of a holder in due course. This is the declaration of the law. It is so provided by the statute, that the policy of this State which condemns usury both as illegal and as immoral may be enforced by the courts.

In the instant case, the withholding by the Peoples' National Bank from the defendant of the sum of $2,000, although a device adopted by the bank and acquiesced in by the defendant, to evade prima facie the statute, did not render the note void as to the sum withheld, in the hands of either the bank or the plaintiff. The defendant had an equity to have the note credited with said sum, at its maturity. This equity the defendant could have enforced against the bank, but cannot enforce against the plaintiff, who is a holder in due course. C. S., 3038.

There is no error in the judgment of the Superior Court affirming the judgment of the county court.

Affirmed.