### J. CLYDE RAY v. ATLANTIC LIFE INSURANCE COMPANY.

(Filed 28 January, 1935.)

**Usury A a—Sum deducted by lender in excess of legal interest must be reserved by him as interest in order to constitute usury.**

In this action against the purchaser of notes to recover the amount of interest paid thereon on the ground that the notes were tainted with usury, C. S., 2306, it appeared from the facts agreed. that the borrower executed notes for the principal sum borrowed and notes for the interest on the principal notes from the time of their execution until their respective maturities, and that the lender paid the borrower the principal sum borrowed less an amount deducted and retained by the lender: *Held*, in the absence of an agreed fact or a finding by the court that the sum deducted was reserved by the lender as interest, the transaction did not constitute usury, and therefore the notes were not tainted with usury in the hands of the purchaser.

APPEAL by plaintiff from *Sinclair, J.,* at May Term, 1934, of ORANGE. Affirmed.

This is an action to recover a sum of money paid by the plaintiff to the defendant as interest on certain notes which were executed by the plaintiff and his wife and are now held by the defendant as a purchaser for value and in due course from the payee.

It is alleged in the complaint that the payee of said notes at the date of their delivery knowingly charged and received from the plaintiff interest on said notes at a rate in excess of six per cent per annum, and that for that reason all interest on said notes was forfeited as provided by statute. C. S., 2306.

This allegation is denied in the answer filed by the defendant.

At the trial of the action the parties waived trial by jury, and agreed that the court might render judgment on a statement of facts agreed submitted by them.

From judgment on the facts agreed that plaintiff recover nothing of the defendant, the plaintiff appealed to the Supreme Court.

*S. M. Gattis, Jr., for plaintiff.*
*Giles & Giles for defendant.*

CONNOR, J.   On or about 15 August, 1925, the plaintiff and his wife executed and delivered to the Federal Trust Company of Richmond, Va., at Hillsboro, N. C., ten notes aggregating the sum of $3,000, and twenty notes aggregating the sum of $990. The consideration for the ten notes was the agreement of the Federal Trust Company to lend to the plaintiff the sum of $3,000. The consideration of the twenty notes was

the interest which would accrue on the ten notes from their date to their respective maturities. Upon the delivery of said notes to it, the Federal Trust Company delivered to the plaintiff the sum of $2,797, "which sum represented all the proceeds of the loan received by the plaintiff." It was agreed by the parties that the sum of $203 was "knowingly retained by the lender—the Federal Trust Company." It does not appear from the statement of facts agreed that the sum of $203 was retained by the Federal Trust Company as interest. It does not appear for what purpose the said sum was retained. In the absence of an agreement by the parties or a finding of fact by the court that said sum was reserved by the lender as interest, its retention did not constitute usury. *Bank v. Jones,* 205 N. C., 648, 172 S. E., 185. In the cited case it was admitted at the trial that the payee of the note sued on had charged, reserved, and received usury on the note prior to its purchase by the plaintiff. For this reason it was held in that case that all interest on the note had been forfeited, even in the hands of an innocent purchaser for value. In the instant case it is denied in the answer that the payee had charged, reserved, or received usury on the note prior to its purchase by the defendant.

On or about 19 August, 1925, the defendant Atlantic Life Insurance Company of Richmond, Va., purchased from the Federal Trust Company all the notes which were executed by the plaintiff, and became the holder for value in due course of all said notes. All of said notes—both those for principal and those for interest—have been paid by the plaintiff, some voluntarily, and others by foreclosure of the deed of trust by which said notes were secured.

On the facts agreed at the trial of this action, none of the notes which plaintiff executed, and which were subsequently paid, were tainted with usury. There is no error in the judgment.

Affirmed.