MRS. A. D. N. HUNTER, TRUSTEE OF THE ESTATE OF R. N. HUNTER, DECEASED, ET AL., v. McCLUNG REALTY COMPANY, J. W. McCLUNG, AND J. W. McCLUNG, JR.

(Filed 29 April, 1936.)

**Usury B c—**

The statutory penalty for usury may not be recovered against the payee of notes secured by deed of trust upon evidence showing that a certain sum was paid the trustee in the deed of trust, but not paid to or received by the payee of the notes.

APPEAL by defendants from *Moore, Special Judge,* at February Term, 1936, of MECKLENBURG. No error.

This is an action to recover on notes executed by the defendant Mc-Clung Realty Company, a corporation, and endorsed by the defendants J. W. McClung and J. W. McClung, Jr., and for the foreclosure of the deed of trust by which the said notes are secured. The notes sued on are payable to the order of the Independence Trust Company and Mrs.

A. D. N. Hunter, executors of R. N. Hunter, deceased, and are now owned by Mrs. A. D. N. Hunter, trustee of the estate of R. N. Hunter, deceased, and the Independence Corporation.

At the trial the defendants admitted the execution of the notes, as alleged in the complaint, and relied upon the plea of usury, as alleged in their answer.

The issue submitted to the jury was answered as follows:

"In what amount, if any, are the defendants indebted to the plaintiffs? Answer: '$10,000, with interest from 17 March, 1933.' "

From judgment in accordance with the verdict, the defendants appealed to the Supreme Court, assigning errors in the trial.

*Stancill & Davis for plaintiffs.*
*H. L. Taylor for defendants.*

PER CURIAM. There was no evidence at the trial of this action tending to show that the payees of the notes sued on received from the defendants interest at a rate in excess of six per centum per annum, or that they charged the defendants interest on said notes at such rate, and thereby became liable for the statutory penalties for usury.  C. S., 2306.

All the evidence showed that the sum of $217.50 was paid by the defendants to the Independence Trust Company, and that said sum was not paid to or received by the executors of R. N. Hunter, deceased, to whom the notes are payable.

For that reason, there was no error in the refusal of the court to submit to the jury the issue tendered by the defendants, or in the peremptory charge of the court to the jury on the issue submitted by the court.

The judgment is affirmed.

No error.