Civil action to determine amount due on promissory note and to foreclose deed of trust given as security for payment thereof.
Defendants admit the execution of their $15,000 note to Bankers Trust 
Title Insurance Company on 17 January, 1931. They contend, however, that same should be stripped of its interest-bearing quality (Waters v. Garris,188 N.C. 305, 124 S.E. 334), and all interest paid thereon credited on the principal because of an alleged charge of usury amounting to $417.04 exacted at the time of the making of said loan.
In a letter addressed to the Bankers Trust Title Insurance Company under date of 15 January, 1931, and signed by the defendant Fred I. Smathers, it is stated: "I agree to furnish you fire insurance in an amount not less than $15,000 in a reliable fire insurance company acceptable to you and pay you the sum of $450.00, which I understand is to cover all costs, commission, and expense in securing said loan, and . . . if for any reason on your part this loan cannot be closed, you are not to charge me a fee for the preparation of the loan papers." *Page 41 
At the close of all the evidence, the court directed a verdict against the defendants on their plea of usury, thereby fixing the amount of the debt, and entered judgment of foreclosure.
Defendants Fred I. Smathers and Rosamond L. Smathers appeal, assigning errors.
A careful perusal of the record leaves us with the impression that no reversible error was committed in the trial of the cause, or, at least, that none has been made to appear.
The case of Loan Co. v. Yokley, 174 N.C. 573, 94 S.E. 102, cited and relied upon by defendants, is distinguishable, in that, in the Yokley case,supra, as stated in the opinion, it was "not a reasonable inference from the evidence . . . that the trust company was doing no more than charging a reasonable commission for negotiating a loan made by the annuity company." Here, the defendant's own letter is to the effect: I agree to pay the Bankers Trust the sum of $450.00, "which I understand is to cover all costs, commission, and expense in securing said loan." See Ray v. Ins. Co.,207 N.C. 654, 178 S.E. 89; Hunter v. Realty Co., N.C. 91,185 S.E. 461.
The result will not be disturbed.
No error.