## CRITCHFIELD, Plaintiff v. MAHONEY, Defendant.

Municipal Court, Cuyahoga County.

No. A-48391.   Decided March 13, 1945.

M. Q. Critchfield, Cleveland, for Plaintiff.
Clarke & Costello, Cleveland, for Defendant, J. M. Costello of Counsel.

### OPINION

By DRUCKER, J.

On October 1 and October 4, 1929, the defendant conveyed two bills of sale of wages to the Hubbard Company, a corporation which was engaged in the business of buying salaries.   The bills of sale were for $20.00 and $5.50 respectively. These instruments were bills of sale of "wages already earned and due me by the Nickle Plate System, the employer of the defendant." Considerations for these assignments were $20.00 in cash on the first instrument and $5.00 in cash on the second.   The second note was an isolated transaction.

The plaintiff by an assignment from the Hubbard Company on the 21st day of September, 1929 became the owner and assignee of these instruments. Plaintiff filed his law suit on October 4, 1944. The first instrument is dated October 1, 1929 and calls for the sale of wages earned and due "today."

"An action upon a specialty, or an agreement, contract or promise in writing shall be brought with fifteen years after the cause thereof occurred." **Section 11221 GC.**

Where a note is a demand note the statute of limitations commences to run from the date of the note and is barred in the statute in fifteen years from the date thereof. **Hill v Henry,** 170 R 9, 11, and 12; **17 Ohio 1.** The instrument dated October 1, 1929 is barred, therefore, by the statute of limitations and there can be no recovery.

The Hubbard Company, plaintiff's assignor, was in the business of buying salaries, which was a method developed and practiced by the company to avoid the usury laws of the State of Ohio. It was a cloak to hide the usurious practice indulged in by the Hubbard Company. It was a subterfuge which penetrated beyond the carefully camouflaged veil and revealed the intent of the instrument.

The results were quite clear, the salaries of the customers of the Hubbard Company, including the defendant's, were sold twice a month at which time the company collected 10% of the amount involved. This transaction repeated over the course of a year resulted in the payment of interest of 240%. Critchfield v Valentine, Municipal Court of Cleveland, Case A-8440.

"A bargain under which a greater profit than is paid or is agreed to be paid to a creditor by or on behalf of the debtor for a loan of money or for extending the maturity of a pecuniary debt, is usurious and illegal." §526, Restatement of Contracts.

"To constitute an offense there must be an agreement that he who has the use of the money shall pay the owner of it more than the lawful interest; that is more than the law demands to be paid for the money. It is entirely immaterial in what manner or form or under what pretense usury is exacted and paid. The contract will not be held good merely because on its face and by its words it is free

542

from taint, if it be substantially usurious." Lee v Peckham, 17 Wisconsin, 383.

Tyler in his text book on usury defines the requisites of a usurious contract:

1. The contract must be a loan expressed or implied. "To constitute a usurious contract a loan either expressed or implied is necessary." **Dunkle v Renick, 6 Oh St 527.**

2. There must be an understanding between the parties that money lent shall be or may be returned.

3. For such loan a greater interest than is allowed by law is paid or is agreed to be paid.

4. A corrupt intent to take more than the legal rate for the use of the sum loaned. Ector v Osborn, 103 S. E., 388, 389, 13 A.L.R. 1207. Range v Midland Loan and Finance Co. 274 N. W. 184, 200 Minn. 310.

It is quite obvious even to the inexperienced and without too great a scrutiny and too intimate a familiarity with companies of this nature and transactions of this kind that the Hubbard Company attempted to camouflage its obvious usurious interest through the medium of buying salaries. It sought under a fungus growth of concealment, the devious paths to avoid the laws of Ohio dealing with legal interest and their nefarious practice of extracting the exorbitant rate of 240% a year from those who fell a prey to their intriguing inducements.

The court, re Mansfield Steel Corporation (D. C. Mich.), 30 F (2d) 832, 833, presented this test. "Will its performance result in producing to the lender a greater return for the use of the amount loaned than is allowed by the law, and was that result intended." It is our view that both requisities of the test are present here and that the contract even for the sale of salaries called for more than the legal interest and that there was an intention to evade the law. The court is of the opinion that the notes were usurious contracts. The court is further of the opinion that the plaintiff could not even recover the principal and the legal rate of interest.

"The intention of the legislature (under 634-5 GC was to declare null and void all papers made in connection with contract for a usurious loan." Finance Corp. vs Reiss, 31 N. P. (New Series Page 196).

"The intent of the legislature is to punish the loaner in these classes of loans (usurious loans) by rendering his usurious lender contracts void if he should charge a usurious

rate of interest." Loan Co. vs Bell, 17 O. N. P. (New Series 385). '

The court is of the opinion that the statute of limitations has run against the first cause of action and that by selling of wages by the defendant, George C. Mahoney, to the plaintiff's assignor, the Hubbard Company was both usurious in intent and result, and, therefore, the contract was null and void.

The action of the plaintiff is dismissed with the cost of court.