Daniel, Judge,
after stating the case, proceeded: The opinion of the Judge would have been correct, if the purchaser of the bill had taken it without any endorsement or guaranty of the seller. And in the Stale of New York, it has been decided that an endorsee of business paper may recover of his immediate endorser, the money he paid for the bill, although it was less than the sum mentioned in the face of it; and that the endorser could not resist such an action by the plea of usury. These decisions wer'e, however, against the opinions of those learned jurists, Chancellors Kent and Walworth. In addition to the authorities from that State, cited by the plaintiff in support of this position, may be cited the case of Ham vs. Hendricks, 7 Wend. Rep. 569. It is true, that to constitute usury, there must be either a direct loan, and a taking of more than legal interest, or there must be some device for the purpose of concealing or evading the appearance of a loan, when in truth it was one; but the ordinary transaction of discounting a bill or note with an endorsement or guaranty from the transferor, is a lending within the statute. The party discounting, does, in fact, lend money on interest, to be repaid either by the person receiving, or by some other party to the bill, at a certain prefixed period. Byles on Bills, 72, 73. There is a distinction between taking a bill, and advancing money on it, with an endorsement or guaranty, and one without. The last is a purc/iase, and may be for less than the real value; the other a l°an> and within the operation of the Statute of Usury, Massa vs. Dauling, Strange 1243. The case before us, is ,t .... . completely within the rale laid down by this court, in the *211 case of Ruffin vs. Armstrong, 2 Hawks 411. Altman and others had executed a bond to Armstrong; it was a business paper, negotiable: Armstrong endorsed it without value to an accommodating endorsee, a'ud he endorsed it to Ruffin at a discount of thirty-three and one third per cent. In the action by Ruffin against Armstrong on his endorsement, it was held by the court, that the transaction was usurious. Chancellor Nr . . Walworth, delivering- his opinion m the case of Ham vs. Hendricks, (after having reviewed all the oases on this subject, both in England and this country,) remarks, “ it appears, that in most of our sister States, which have adopted the English Usury Laws, as well as in the Supreme of the United States, and in England, it is held that a sale of a note for less than its nominal amount, on the advance of meney or other thing in the nature of a discount of the note, is usurious between the parties to such transaction, .if the seller endorses the note, or otherwise guarantees the repayment of the purchase money.” Even in New York, the en-dorsee is not permitted to recover of the endorser, the full amount of the bill; for, if he could, the statute would be easily evaded; but he is permitted to recover only the money and interest he advanced, when the bill was endorsed to him. This is not the rule in any other part of the world, that we know of. It is not the rule in Ruffin vs. Armstrong; and in Collier vs. Neville, 3 Dev. Rep. 30, it was held to be clear that the discounting of a bill or bond, and taking al endorsement of the holder, does ex vi termini, constitute a loan, and if the rate of discount exceed that fixed by statute, it is an usurious loan.” The endorsee, in a case like this, has no more right, as it seems to us, to claim the money advanced for the endorsement, than he would, if he had declared on a promissoiy note, infected with usury, if the defendant had plead the Statute of Usury in bar. The policy of the law is to enable the defendant to make void both assurances in toto. We therefore are of opinion that there must be a new trial.
Armstrong, approved‘
The case of s, 30 v'ap^.ov-
Per Curiam. Judgment reversed,.