Nash, C. J.
 

 The question presented is one of alleged" usury. Repeated attempts have been made, in this State, to induce the Legislature to repeal, or modify the law concerning usury, and which have as often failed. It is, therefore, the established policy of the State, to retain the law forbid-ing the taking of usury, and though the act is a penal one, it is the duty of the judiciary to enforce it, in all cases, where the law applies, and as far as they can, to defeat every effort to evade it. The practice most frequently resorted to, to evade it, is that of sales, or pretended sales, of notes and other paper securities. Much difference of opinion exists, not only in decided cases, but among elementary writers upon the subject. 1 Parsons on Contracts, 421-N. The difficulty has been to lay down some definite and practicable rule which shall distinguish between a sale, or a loan, in such transfers. The Supreme Court of this State, has, in several cases, laid down this principle clearly. In
 
 Collier
 
 v.
 
 Neville,
 
 4 Dev. Rep. 30. The Court say : “ The
 
 discounting
 
 of a bill or bond and taking tide general endorsement of the holder, does
 
 ex m termini
 
 constitute a loan, and if the rate of discount exceed that fixed by the statute, it is an usurious loan.” This case is followed by that of
 
 McLure
 
 v.
 
 Collins,
 
 4 Dev. and Bat. Rep. 210, in which, Collier’s case is approved. The Court say : “ But the ordinary transaction of discounting a note or bill with an endorsement or guarantee of the transferer, is a lending within the statute. The party discounting does, in fact, lend money, on interest, to be repaid, either by the person receiving, or by some other party to the bill. There is a distinction between taking a bill, and advancing money on it, with an endorsement, or guarantee, and one without. The last is a purchase, and may be for less than the real value ;
 
 *401
 
 the former is a loan, and within the statute of usury; the policy of the law is to enable the defendant, to make void, both assurances, in toto.” This case is followed by that of
 
 Ballinger
 
 v.
 
 Edwards,
 
 4 Ire. Eq. 449. In speaking of a purchase of a note or bill for less than its real value, the Court say :
 
 “
 
 But that is subject to this qualification, that it must be merely a purchase of the security, and at- the risk of the purchaser, and therefore, if the person who claims to be such purchaser, holds the party to whom the money is advanced, responsible for the payment of the debt, it is not in
 
 law,
 
 or in fact, a purchase, but a loan of money upon the security, &c.” The only other case to Avhich I shall refer, is that of
 
 Ray
 
 v.
 
 McMillan,
 
 2 Jones’ Rep. 229. These cases establish a clear rule by which to distinguish between a sale of a bill or note and a loan, to wit, when the instrument is transferred by the endorsement of the person- receiving the money, it is a loan, because the endorser is liable for the debt; but when the transfer is simply by delivery, it is a sale, if the transaction is bona fide.
 

 What are the facts in this case ? Murchison was obliged to raise a considerable sum of money to meet his liabilities at the succeeding County Court. ITe- executed the note, in question, made payable to the defendant, who endorsed it over to the plaintiff, without any restriction, at a discount of more than six per cent, per annum. According to the cases referred to, the money was a loan to the defendant, and at a rate of discount, reserving more than six per cent, per annum. This was usurious.
 

 It is contended by the counsel for the plaintiff, that his Honor below erred in charging the jury, that if they believed the evidence, it established the plea of usury ; that the intention with which the note was made was a matter of fact to be ascertained by them. There was no question of intention involved in the case to be submitted to the jury. In
 
 Collier
 
 v.
 
 Neville,
 
 it was held to be clear, that the discounting a hill or bond, and taking the general endorsement of the holder, does
 
 ex vi termini
 
 constitute a loan, and if the rate of discount ex
 
 *402
 
 ceed that fixed by the statute, it is usurious. This is reiterated in
 
 Ray
 
 v. McMillan, 2 Jones 227. In that case as in this, that of
 
 Kerr v. Davidson,
 
 13 Ire. Rep. 454, was relied on to support the objection, that though a loan be made at a greater rate of interest than six pet cent., it is not usurious within the statute, unless there-be a corrupt intent to violate the law, which is a question of fact for the jury, and it is, therefore, error in the Judge to treat it as a question of law.
 

 Judge Battle, in commenting on Kerr and Davidson, observes : It is true, when the excess of interest may have been taken, because of a mistake in a matter of fact, as for instance, upon an erroneous calculation of interest, there the testimony must be submitted to a jury, to ascertain whether there was a mistake or an usurious taking by design. This, says the opinion, and nothing more, was the decision in Kérr and Davidson.
 

 There is another feature in this case uj)on which no stress is laid, because it is desirable to clearly point out the distinction, between a sale of a bill or note, and an usurious contract growing out of the transfer of such instrument.
 

 The feature to which I allude is, that the note, in this case, was obviously made to be thrown into market — no stress, however, is laid npon this fact, for the reason above stated.
 

 Per CueiaM. There is no error, and judgment affirmed.