V. SEDBURY v. R. N. DUFFY, A. C. BURNETT, D. H. GREEN, AND H. T. PRATT.

(Filed 27 March, 1912.)

1. **Bills and Notes—Guarantors of Payment—Loan—Usury—Interpretation of Statutes.**

When the transaction is free from fraud and unlawful imposition, a purchaser may buy a note at any price they may agree upon; but if the purchaser requires the indorsement of the seller, the transaction, as between the immediate parties thereto, is in effect a loan, and will be so considered within the meaning and purport of our usury laws.

2. **Same.**

The purchaser at $4,200 of a promissory note given for $5,000, upon which $1,000 had been paid, required an indorsement by the payee and another guaranteeing payment. In an action upon the note our statute as to usury was pleaded by the guarantors of payment: *Held*, as between the purchaser and guarantors of payment, the transaction is regarded as a loan, upon which a usurious charge of $200 was made in addition to the legal rate of interest.

3. **Bills and Notes—Unqualified Indorsers—Usury—Interpretation of Statutes.**

The provisions made as to warranties which prevail in case of unqualified indorsements by Revisal, sec. 2215, refer to lawful transactions, and do not relate to transactions coming within the meaning of our usury laws.

BROWN, J., concurring.

APPEAL from *Whedbee, J.,* at November Term, 1911, of CRAVEN.

Civil action to recover the balance due on a note.

It appeared that on 3 March, 1909, defendants R. N. Duffy and A. C. Burnett executed their note to D. H. Green for $5,000; that there had been a payment thereon of $1,000 and the remainder, or $4,000, was due at the time of suit brought; that some time prior to institution of action D. H. Green sold the note to plaintiff for $3,200 and the purchaser required the indorsement of the payee, Green, and H. T. Pratt as guarantee of payment. The indorsers having pleaded that as to them this was an usu-

rious transaction, issues were submitted. The court charged the jury if they believed the evidence to answer the issue as to usury "No." There was judgment for full amount due on note and interest, against all of the parties served with process, and the indorsers, Green and Pratt, excepted and appealed.

*D. E. Henderson and K. C. Sedbury for plaintiff.*
*Simmons & Ward for defendants Green and Pratt.*

HOKE, J., after stating the case: It has been repeatedly held, in this State, that while one may buy a note from another, at any price that may be agreed upon, the bargain being free from fraud or unlawful imposition, if the purchaser requires the indorsement of the seller as a guaranty of payment, the transaction, as between the immediate parties thereto, is in effect a loan, and will be so considered, within the meaning and purport of our laws against usury. *Bynum v. Rogers,* 49 N. C., 399; *Ballinger v. Edwards,* 39 N. C., 449; *McElwee v. Collins,* 20 N. C., 209. In the *McElwee case* it was held: "Where an indorsee takes a bill or note with the indorsement or guaranty of the indorser, and advances therefor less than the real value of the bill or note, the transaction is, in effect, a loan between the indorsee and indorser, and is usurious as between those parties." In *Ballinger's case, Chief Justice Ruffin,* delivering the opinion, said: "Now, that is a case of plain usury, and the contracts of Edwards touching it are void by the statute. The bill, indeed, does not enter into the particulars of the contract, but the plaintiff is content to state, in general, that Lane 'purchased' Boykin's bond, and it is laid down that a purchase of a negotiable security for less than the real value is valid. But that is subject to this qualification, that it must be merely a purchase of the security and at the risk of the purchaser, and therefore if the person who claims to be such purchaser holds the person to whom the money is advanced responsible for the payment of the debt, it is not in law and fact a purchase of the security, but a loan of money upon the security; and if the sum advanced be less than the amount of it, deducting the legal interest for the time until maturity, the loan is usurious. *Collier v. Nevill,* 14 N. C., 30; *McElwee v. Collins,* 20 N. C., 209. The latter case expressly and correctly lays down the rule that the ordinary

158—28

case of discounting a note, with an indorsement or guaranty of the receiver of the usury, is a lending within the statute."

The principle is established by statute in reference to the discounting of notes by National banks. Page on Contracts, sec. 477, citing *Gloversville Bank v. Johnston,* 104 U. S., 271, and is enforced in other jurisdictions by courts of recognized authority. *Whitworth v. Yancy,* 26 Va., 383; *Cowles v. McVickar,* 3 Wis., 725.

In the Wisconsin case cited the Court said: "The indorsement or guaranty of a bill or note, by which the party renders himself liable for its payment, is incompatible with a simple sale. It is a contract essentially different from that of bargain and sale. And herein is the distinction clearly perceptible and well established. The simple sale of a note or bill for less than its face is not in itself usurious. But if the vendor indorses, or guarantees, or otherwise becomes liable for the payment of the bill or note, the transaction is usurious. The bill or note may be of doubtful character, and its value a fair subject of calculation; but when the vendor indorses it, or guarantees its payment, and thereby makes himself liable, he then fixes its value (as between him and the vendee) at its face, and there is no room for difference of opinion, or the exercise of skill and judgment. If the transaction between the plaintiffs and defendant was a mere sale of the notes, for their market or estimated value, why seek to hold the defendant liable on his contract of indorsement? The only purpose which the indorsement could serve in such a transaction would be to pass the legal title to the plaintiffs. If the contract was merely one of bargain and sale, the passing of title was all that was requisite. If it was not one of mere bargain and sale, but a contract of indorsement, its legal effect was to create a different relation between the parties than that of vendor and vendee, viz., that of drawer and payee of a bill of exchange, and hence the amount of consideration received, and the amount stipulated to be paid or secured, are such that mere computation brings the transaction within the usury act of 1851."

A proper consideration of these and other authorities sustaining the position will show that a discount of the kind in question does not render the note usurious nor affect the rights and

obligations otherwise arising on the instrument. It is only as between the immediate parties that the transaction is regarded as a loan of money and to be so considered and dealt with. *Cowles v. McVickar, supra.* The principle is not changed nor affected by our statute on negotiable instruments, section 2215, making provision as to the warranties which prevail in case of an unqualified indorsement of commercial paper. By correct interpretation these warranties refer to lawful transactions and the statute in no wise intended to withdraw contracts of that nature from the effect and operation of our laws against usury. Eaton and Gilbert Commer. Paper, sec. 85. Under our authorities, therefore, the court below was in error in holding that as to indorsers the transaction was free from usury, and we would remand the case for further hearing but for an agreement between the parties that if the Court should hold the transaction usurious, judgment should be entered against the indorsers for the amount received by them, with interest. This will be certified, that judgment shall be entered against the principal of the note who was served with process for amount due on the face of the note, with interest, and against the indorsers for $3,200, with interest thereon at 6 per cent from the time this amount was received by them.

Error.

BROWN, J., concurring: I concur in the disposition made of this appeal. But I think as between the indorser of the note and the purchaser, the transaction is not technical usury.

A owns a note for $1,000, signed by B, due twelve months after date. C purchases it for $800, and A indorses it.

C is entitled to collect the face of the note from B, but as between A and C the transaction is held to be a loan of $800, which legitimately bears interest from the date of the indorsement.

I think it a misnomer to call the transaction usurious, unless it can be shown that A agreed specifically to pay the $1,000 at the time he indorsed it in order to obtain the $800 from C.

The law fixes A's liability at $800 and interest, and in the absence of proof of an agreement upon his part to pay more, there is no evidence of intent to charge, or pay usurious interest.