EUGENE C. PRATT and Wife, SALLIE G. PRATT, v. AMERICAN BOND AND MORTGAGE COMPANY.

(Filed 21 November, 1928.)

**1. Usury—Usurious Contracts and Transactions—Construction of Transactions as Usurious.**

In construing a transaction with regard to our usury statutes the courts will look to its substance and not to its form. C. S., 2306.

**2. Same—Nonsuit.**

Where there is evidence that the maker gave his note to the payee who, in accordance with a previous agreement, endorsed it to the defendant, who paid to the maker a less sum than the face value of the note, and that the maker, upon maturity of the note, paid to the endorsee defendant the full face value of the note, together with interest thereon at the rate of six per cent, and that the maker received nothing from the payee in exchange for the note, but that the payee was used for the purpose of circumventing the provisions of our usury statute, C. S., 2306: *Held*, the evidence is sufficient to establish a usurious transaction, and a motion as of nonsuit thereon is properly denied.

Appeal by defendant from *McRae, Special Judge,* at May Term, 1928, of Forsyth. No error.

Civil action to recover statutory penalties for usury charged by defendant and paid by plaintiffs. C. S., 2306. Two causes of action, each founded upon a separate and distinct transaction, are alleged in the complaint.

The issues submitted to the jury were answered as follows:

1. Did the defendant knowingly take, charge and receive from the plaintiffs a greater rate of interest than six per cent on a loan of money to the plaintiffs, as alleged in the plaintiff's first cause of action? Answer: Yes.

2. What amount, if any, are plaintiffs entitled to recover of defendant as penalty for usury on the first cause of action? Answer: Twice the amount—$250.

3. Did the defendant knowingly take, charge and receive from the plaintiffs a greater rate of interest than six per cent on a loan of money to the plaintiffs, as alleged in the second cause of action? Answer: Yes.

4. What amount, if any, are plaintiffs entitled to recover of defendant as penalty for usury on the second cause of action? Answer: $2,253.20.

From judgment on the verdict that plaintiffs recover of defendant the sum of $2,503.20, defendant appealed to the Supreme Court.

*Parrish & Deal for plaintiffs.*

*Benbow, Hall & Benbow and Manly, Hendren & Womble for defendant.*

CONNOR, J. On 27 February, 1926, plaintiffs executed their note for the sum of $1,000, payable to the order of Harry Grimsley, and due twelve months after date, with interest from date at six per cent. This note, endorsed by Harry Grimsley, without recourse, was immediately after its execution delivered to defendant. Defendant thereupon paid to plaintiffs on account of said note the sum of $900. Plaintiffs received nothing for said note from Harry Grimsley; no consideration passed from Harry Grimsley to them for said note. Plaintiffs received from defendant for said note only the sum of $900.

The evidence tended to show that the foregoing transaction was had pursuant to an agreement entered into by and between plaintiffs and defendant, prior to the execution of said note. Defendant agreed to lend to plaintiffs the sum of $900. Plaintiffs agreed to pay to defendant, for the use of said sum of money, $100 and interest on $1,000, at six per cent from the date of said note until the same was paid. The note was executed by plaintiffs in accordance with instructions of defendant, for the purpose of evading, prima facie, the provisions of C. S., 2306, which are as follows: .

"The taking, receiving, reserving, or charging a greater rate of interest than six per centum per annum, either before or after the interest may accrue, when knowingly done, shall be a forfeiture of the entire interest which the note or other evidence of debt carries with it, or which has been agreed to be paid thereon. And in case a greater rate of interest has been paid, the person or his legal representatives, or corporation by whom it has been paid may recover back twice the amount of the interest paid, in an action in the nature of an action for debt."

On 10 September, 1926, in discharge of their liability on said note, plaintiffs paid to defendant the sum of $1,000, with accrued interest thereon at six per cent, thus having paid to defendant interest on a loan of money at a rate greater than six per cent.

Plaintiffs' first cause of action alleged in their complaint is founded upon the foregoing transaction. On its appeal to this Court defendant concedes that there was no error in the refusal by the trial court to allow its motion for judgment as of nonsuit, upon the first cause of action. Defendant has abandoned all its exceptions appearing in the case on appeal relating to the trial of the first and second issues. There was no error in the trial with respect to these issues, which involve the transaction upon which the first cause of action alleged in the complaint is founded.

On 20 September, 1926, plaintiffs executed their note for $6,500, payable to the order of Sapp & Grogan, and due twelve months after date, with interest from date at six per cent. This note endorsed by Sapp & Grogan was immediately after its execution delivered to defendant. Defendant thereupon paid to plaintiffs or to their order the sum of $5,850. Of said sum, $1,250 was applied to the satisfaction and discharge of liens on the property conveyed by plaintiffs by deed of trust to secure the payment of their note for $6,500, and the balance, to wit, $4,600, was paid to Sapp & Grogan, who applied the said sum as a payment on the indebtedness of plaintiffs to them, leaving a balance due on said indebtedness.

Plaintiffs were not credited by Sapp & Grogan with the amount of their note, to wit, $6,500; they were credited only with the sum of $4,600. They received nothing from Sapp & Grogan for said note. They received only the sum of $5,850 for their note, payable to Sapp & Grogan and by said payees transferred, by endorsement, to defendant. Said sum of $5,850 was paid by defendant, and applied to the payment of indebtedness due by plaintiffs to Sapp & Grogan and to other creditors.

There was evidence tending to show that the foregoing transaction was had pursuant to an agreement entered into by and between plaintiffs and defendant, prior to the execution of said note; that defendant agreed to lend to plaintiffs the sum of $5,850; and that plaintiffs agreed to pay to defendant for the use of said sum of money $650, and interest on $6,500 at six per cent from the date of said note until the same was paid. The note was executed by plaintiffs in accordance with instructions of defendant for the purpose of evading prima facie the provisions of C. S., 2306.

On 10 December, 1927, in discharge of their liability as makers of the note for $6,500, plaintiffs paid to Sapp & Grogan the sum of $6,500, with accrued interest at six per cent. Sapp & Grogan paid to defendant the amount due on said note, in discharge of their liability as endorsers of said note. There was evidence tending to show that Sapp & Grogan paid the amount due on said note with funds provided by plaintiffs.

There was evidence on behalf of defendant tending to show that defendant declined to lend, and did not lend to plaintiffs any sum of money whatever upon their application for a loan of $6,500; that the note for $6,500 was executed by plaintiffs, payable to the order of Sapp & Grogan, because plaintiffs were then indebted to Sapp & Grogan in a sum in excess of $6,500; and that Sapp & Grogan thereafter, and not pursuant to any prior agreement between plaintiffs and defendant, sold and transferred, by their endorsement, said note to defendant. There was evidence tending to show further that plaintiffs failed to pay

said note when same became due, and that Sapp & Grogan paid the said note to defendant, because of their liability thereon as endorsers, and that plaintiffs thereafter reimbursed Sapp & Grogan for the amount paid by them to defendant. The uncontradicted evidence, however, was to the effect that plaintiffs received only the sum of $5,850 on account of their note, and that they paid for the use of said sum of money interest at a greater rate than six per cent. This interest was paid by plaintiffs and received by defendant, and not by Sapp & Grogan.

In view of the conflict in the evidence with respect to the transaction upon which plaintiff's second cause of action was founded, there was no error in the refusal of defendant's motion for judgment as of nonsuit. There was evidence tending to sustain plaintiff's contention that notwithstanding the form of the transaction, it was in reality a loan of money by defendant to plaintiffs upon an agreement by plaintiffs to pay to defendant, for the use of said money, a sum in excess of interest at the rate of six per cent per annum, and that such sum was in fact paid by plaintiffs and received by defendant, with knowledge that said transaction was usurious. The principle is well settled that "when a transaction is in reality a loan of money, whatever may be its form, and the lender charges for the use of his money a sum in excess of interest at the legal rate, by whatever name the charge may be called, the transaction will be held to be usurious. The law considers the substance and not the mere form, or outward appearance of the transaction, in order to determine what it in reality is. If this were not so, the usury laws of this State would be easily evaded by lenders of money who would exact from borrowers, with impunity, compensation for money loaned in excess of interest at the legal rate." *Ripple v. Mortgage Corp.,* 193 N. C., 422, 137 S. E., 156.

In *Carter v. Brand,* which was an action to recover the statutory penalty for usury charged and received, there was a judgment for the plaintiff, rendered by the Court of Conference of this State, at June Term, 1800. In his opinion in that case, reported in 1 N. C., at page 255, *Taylor, J.,* says: "Every case arising upon the act of Assembly to restrain excessive usury must be viewed in all its circumstances, so as to ascertain the real intention of the parties. If that be corrupt in the substance and design, no pretext however plausible, no contrivance however specious, no coloring however artful, with which the transaction is veiled, will secure it from the censure of the law." Again, in *Bank v. Wysong,* 177 N. C., 284, 98 S. E., 769, *Walker, J.,* says: "The form of the agreement is immaterial, since any shift or device by which illegal interest is arranged to be paid or received is usurious."

Upon the facts found by the jury from the evidence in this case, the principle upon which *Collier v. Nevill,* 14 N. C., 30, was decided, is

not applicable.  In that case the bond upon which the action was brought was executed by defendants upon a bona fide consideration, moving from the obligees to the defendant, as obligors.  Afterwards, the obligees sold the bond to the plaintiff at a greater discount than six per centum per annum, and by their endorsement bound themselves for its full amount.  It was held that the defense of usury was not available, upon these facts, to defendants, and that they were liable to plaintiff as assignee for the full amount of the bond, notwithstanding that plaintiff would receive for the use of his money a sum in excess of interest at six per cent.  There was no usurious transaction between plaintiff, the assignee of the bond, and defendants, the obligors therein.  If the jury had found the facts in the instant case as defendant contended, the principle upon which *Collier v. Nevill* was decided would have been applicable.  The court so instructed the jury.

The distinction between the instant case and *Collier v. Nevill* is clearly shown by the decision of this Court in *Sedbury v. Duffy,* 158 N. C., 432, 74 S. E., 355.  In that case the makers of the note had received full value therefor from the payee.  They were held liable for the amount of the note and interest to the plaintiff, who had purchased the note from the payee, at a discount which exceeded six per cent per annum.  It was held, however, that as between the payee, who had endorsed the note, when he sold the same to the plaintiff, and the plaintiff, the defense based upon the plea of usury was available.  The maker of a note who has received full value for the same from the payee, cannot recover the statutory penalty for usury from the assignee or endorsee, who has purchased the note from the payee at a discount exceeding six per centum per annum.  As between the maker and the assignee or endorsee there is no usurious transaction, which is subject to the statutory penalties.  It is otherwise, however, as between the endorsee and the endorser, who becomes liable by his endorsement for the amount due on the notes.  As between them, the transaction is a loan of money, and if more than six per cent per annum is knowingly charged, the transaction is usurious.

There was no error in the refusal of the court to allow defendant's motion for judgment as of nonsuit.  We have examined the other assignments of error relied upon by defendant upon its appeal to this Court. They cannot be sustained.  The judgment is affirmed.  There is

No error.