F. C. SHERRILL v. GURNEY P. HOOD, COMMISSIONER OF BANKS, W. B. TYER, LIQUIDATING AGENT OF THE INDEPENDENCE TRUST COMPANY, A CORPORATION; INDEPENDENCE TRUST COMPANY, TRUSTEE; AND J. A. ABERNETHY ET AL., ACTING AS TRUSTEES FOR THE CERTIFICATE HOLDERS OF THE TRUST CERTIFICATE FUND OF THE INDEPENDENCE TRUST COMPANY.

(Filed 18 September, 1935.)

**1. Usury A a—Conflicting evidence held properly submitted to the jury on the issue of whether transaction was usurious.**

A corporation was indebted to a bank in the sum of $100,000, secured by a mortgage on its property. Upon default, the mortgage was foreclosed and the property bid in by an officer of the bank. The officers of the corporation organized a new corporation, which issued its bonds in the sum of $50,000, which were bought by the trust department of the bank at par, and the new corporation paid the bank $10,000 simultaneously with the purchase of the bonds. With the net $40,000 and $60,000 raised by the officers of the corporation in cash, the new corporation bought an assignment of the bank's bid at the foreclosure sale. Plaintiff contended and offered supporting evidence that the bank advised the officers of the corporation that it could no longer carry the indebtedness, but if the corporation would reorganize and raise $60,000 in cash, the bank would loan it $40,000, but would require payment of $10,000, in addition to legal interest on the amount so loaned, and that the whole transaction was a scheme to avoid the usury laws. Defendant contended that the transaction was made in good faith and that the $10,000 was paid the bank as a *bona fide* commission for the sale of the bonds, and was within the proviso of C. S.,

2306. *Held:* The evidence in support of the conflicting allegations and contentions of the parties was properly submitted to the jury, and was sufficient to support its verdict in plaintiff's favor.

**2. Mortgages E b: Usury A c—Where senior mortgage is usurious, junior lienor may compel assignment upon payment of amount due without interest.**

A junior lienor is entitled to have the amount due under a senior mortgage ascertained, and the lien and notes assigned to him upon the payment to the senior lienor of the amount so determined, and when the senior lien is affected with usury, the amount that must be paid by the junior lienor before he can compel an assignment is the principal sum due without interest, and in this case the conflicting evidence as to whether plaintiff was a junior lienor was properly submitted to the jury, and its verdict in plaintiff's favor was amply supported by the evidence.

**3. Usury A a—The law will look to the substance and not the form in determining whether a transaction is usurious.**

When a transaction is in reality a loan of money, and the lender charges a sum in excess of interest at the legal rate, the transaction will be held usurious, regardless of what the excessive charge may be called, since the law will look to the substance and not the form, and upon conflicting allegations and evidence the question of whether the transaction is usurious is for the determination of the jury.

**4. Trial E e—**

If a party desires fuller or more specific instructions on any point, he should aptly tender request therefor, and any omissions or errors in the court's statement of the contentions should be brought to the court's attention in time to afford an opportunity to supply the omissions or make correction.

APPEAL by defendants from *Oglesby, J.*, at September Term, 1934, of ALEXANDER. Affirmed.

This is a civil action instituted by the plaintiff, F. C. Sherrill, wherein he alleges that he is the owner of certain notes totalling approximately $36,000 issued by the Carolina Spinning Company, a corporation, and secured by a second mortgage executed by said corporation upon its real estate, plant and machinery, and that the balance due on a prior bond issue of $50,000 secured by a prior and first deed of trust executed by said corporation upon said property, is approximately $15,265, and that bonds representing this balance are owned and held by the defendants, the liquidating agent of the Independence Trust Company and J. A. Abernethy et al., trustees for certificate holders of the Trust Certificate Fund of the Independence Trust Company, and prays the court to determine the balance due of the bonds secured by the first deed of trust, and to require the holders thereof to transfer and assign the same, together with said deed of trust, to him upon the payment to them by him of the amount so determined.

The plaintiff further alleges that the bonds secured by the first deed of trust are tainted with usury because they were issued in return for a loan of $40,000 to the Carolina Spinning Company by the Independence Trust Company, in the making of which loan the Independence Trust Company charged and required the payment of $10,000 in excess of the legal rate of interest, and for that reason said bonds draw no interest, and that when all of the amounts paid thereon are credited on the principal thereof, the balance due is approximately $15,265.

The defendants, the liquidating agent of the Independence Trust Company and J. A. Abernethy et al., trustees for the certificate holders of the Trust Certificate Fund of the Independence Trust Company, filed separate answers wherein they each deny that the plaintiff is the owner of the notes secured by the second mortgage executed by the Carolina Spinning Company, and, while admitting that they together own the unpaid bonds secured by the first deed of trust executed by said company, they allege that these unpaid bonds amount to $40,000 (less $1,179.05 credit by sale of machinery), plus interest from 1 February, 1934; and they both specifically deny that these unpaid bonds secured by the first deed of trust held by them are tainted with usury, or that their interest-bearing qualities have been in any way destroyed or impaired.

The issues submitted and answers made thereto were as follows:

"1. Did the Independence Trust Co., either for itself or as agent of the trust department of the Independence Trust Company, or the trust certificate fund of the Independence Trust Company, loan to the Carolina Spinning Company the sum of $40,000 and knowingly take, receive, reserve, or charge thereon a greater rate of interest than six per cent, as alleged in the complaint? Answer: Yes.

"2. If so, what amount has been paid on the indebtedness evidenced by the first mortgage bonds? Answer: $24,714.05, including $2,500 paid by M. M. Rudisill for purchase of a bond in that amount.

"3. Is the plaintiff the owner and holder of an indebtedness secured by the second mortgage or deed of trust, referred to in the complaint? Answer: Yes."

From judgment adjudicating that the balance due on the bonds secured by the first deed of trust is $15,285.95 ($40,000 less $24,714.05), and that upon the payment of said amount, the plaintiff is entitled to have said bonds held by the liquidating agent of the Independence Trust Company and J. A. Abernethy, trustee for the Trust Certificate Fund of the Independence Trust Company assigned to him, and ordering and requiring said defendants to transfer and assign said bonds to said plaintiff upon the payment to them by him of said amount, the defendants appealed to the Supreme Court, assigning errors.

*Burke & Burke and Carswell & Ervin for plaintiff, appellee.*

*Stewart & Bobbitt for Liquidating Agent of Independence Trust Company and Independence Trust Company, Trustee, defendants, appellants.*

*John M. Robinson and Hunter M. Jones for J. A. Abernethy et al., Trustees for the certificate holders of the Trust Certificate Fund of Independence Trust Company, appellants.*

SCHENCK, J.   The allegations and contentions of the plaintiff, denied and controverted by the defendants, which gave rise to the first issue as to the taking and receiving from the Carolina Spinning Company of usurious interest on a loan of $40,000 to it by the Independence Trust Company, either for itself or as trustee, are that prior to 1928 the North State Cotton Mills Company, a corporation, had executed a deed of trust to the Independence Trust Company, trustee, on its real estate, plant, and machinery, securing an indebtedness of $100,000 to said trust company which was due in December, 1928, and that the president of the Independence Trust Company had notified the officers and stockholders of the North Carolina Cotton Mills Company that said indebtedness could not be carried longer than the due date, and that said mill company was unable to meet said loan on said date; and that the president of the Independence Trust Company stated to the officers of the mill company that if they could raise $60,000, the trust company would loan them $40,000, with which to pay off the indebtedness of $100,000 due the trust company, but that the trust company would require the payment of $10,000, in addition to 6% per annum on the $40,000 so loaned, to which the officers of the cotton mill company acquiesced; and that the president of the trust company suggested that in order to evade the appearance of usury, that the officers and stockholders form another corporation and have the new corporation issue its 6% coupon bonds in the sum of $50,000 which he, said president, would sell to the trust department of the trust company for par, and that the new corporation could pay the trust company $10,000 for negotiating such sale of such bonds; that this suggested plan was carried out by securing the charter of the Carolina Spinning Company and having it issue $50,000 in 6% coupon bonds secured by first deed of trust on its real estate, plant, and machinery, which said bonds were delivered to the Independence Trust Company upon delivery to said Carolina Spinning Company of a check for $50,000, and that simultaneously with the delivery of the bonds and check aforesaid, the Carolina Spinning Company delivered to the Independence Trust Company a check for $10,000, and with the net $40,000 thus obtained, and $60,000 theretofore raised by the officers and stockholders, the Carolina Spinning Company purchased an assignment of a bid of $98,000 made by one J. A. Watson, an officer thereof, for the

Independence Trust Company, at the foreclosure sale of the deed of trust securing the $100,000 indebtedness to the trust company by the former corporation, the North Carolina Cotton Mills Company, and took deed for the real estate, plant, and machinery of said corporation from the trustee therein, namely, the Independence Trust Company.

The plaintiff contends that the suggested plan that a new charter be procured, and that bonds be issued in the sum of $50,000, and that $10,000 be paid as a commission for negotiating the sale thereof, was a scheme and subterfuge to evade the laws against usury, and to collect more than six per centum per annum on a loan of $40,000 to the Carolina Spinning Company by the Independence Trust Company; and that in collecting the $10,000 check, in addition to the 6% per annum provided in the bonds, the Independence Trust Company took and received on a loan of $40,000, a greater rate of interest than is allowed by law.

The defendants, on the contrary, allege and contend that the plan followed in abandoning the old corporation, the North Carolina Cotton Mills Company, and in organizing of a new corporation, the Carolina Spinning Company, to buy the assets of the old corporation by taking an assignment of the bid of the highest bidder at the foreclosure sale under the deed of trust securing the $100,000 indebtedness of the old corporation to Independence Trust Company, and financing such plan by raising $60,000 among the officers and stockholders, and $40,000 from a sale at par of a $50,000 coupon bond issue of the new corporation, secured by a first deed of trust, procured by paying a $10,000 commission to the Independence Trust Company for negotiating such sale, was a legitimate sale of coupon bonds of a private corporation, made in good faith, and within the provision of the last sentence of the statute against taking and receiving usury (C. S., 2306), which reads: "Nothing contained in the foregoing section, however, shall be held or construed to prohibit private corporations from paying a commission on or for the sale of their coupon bonds, nor from selling such bonds for less than the par value thereof."

These adverse allegations and contentions of the parties, plaintiff and defendants, gave rise to the first issue submitted, which clearly presented the determinative question as to whether the transaction between the Carolina Spinning Company and the Independence Trust Company was a loan of $40,000 upon which usurious interest was charged, or was a bona fide sale of coupon bonds in the sum of $50,000, for the negotiation of which $10,000 was honestly paid. There was evidence tending to support the allegations and contentions of both parties, the issue was presented under a clear and impartial charge, and the jury found in favor of the plaintiff.

The second issue was answered by the court by consent.

The third issue arose upon the plaintiff's allegation that he was the owner of notes secured by a second mortgage of the Carolina Spinning Company on the same property as that upon which the first deed of trust securing the bonds for $50,000 was given, namely, the real estate, plant, and machinery of said company, and the denial of such allegation by the defendants. This issue was likewise submitted to the jury under a fair and impartial charge, and was likewise answered in favor of the plaintiff. There was ample evidence to support such answer.

The appellants stress their objections and exceptions to the denial by the court of their motions for judgment as of nonsuit, and address their argument more particularly to the evidence as it relates to the first issue.

It is well settled in this jurisdiction that a junior mortgagee, or the holder of notes secured by a second mortgage, has the right to have the amount due under a senior mortgage, or deed of trust, ascertained and definitely determined, and upon the payment of the sum so determined, to take an assignment of the senior mortgage or deed of trust, and of the notes or bonds secured thereby; and that when the senior mortgage or deed of trust is affected by usury, the amount to be paid by the junior mortgagee or holder of notes secured by a junior mortgage, before he can require the assignment, is the principal sum due, without interest, *Broadhurst v. Brooks,* 184 N. C., 123, and that when an issue is raised by the pleadings involving the exaction of usury, that such issue should be submitted to a jury for determination, *Wilson v. Trust Co.,* 200 N. C., 788. It is also a well settled principle of law with us that when a transaction is in reality a loan of money, whatever may be its form, and the lender charges for the use of his money a sum in excess of interest at the legal rate, by whatever name the charge may be called, the transaction will be held to be usurious, and in determining the nature of the transaction, the law considers the substance and not the mere form or outward appearances. *Pratt v. Mortgage Company,* 196 N. C., 294.

There are no exceptions taken to the admission or exclusion of evidence, and we have carefully examined the assignments of error which assail the charge of the court, and are of the opinion that they should not be sustained. If the defendants desired fuller or more specific instructions than those given in the general charge, they should have asked for them, and not waited until the verdict had gone against them, *Simmons v. Davenport,* 140 N. C., 407, and if their contentions were not properly stated, the defendants should have called the attention of the court to any omissions or errors, so that they could have been supplied or corrected. *Manufacturing Company v. Building Company,* 177 N. C., 103.

The judgment of the Superior Court, which is in accord with the verdict, must be

Affirmed.