CAROLINA INDUSTRIAL BANK, a CORPORATION, v.
TERRY ANNE MERRIMON.

(Filed 16 October 1963.)

1. **Usury § 1—**

   In order to be entitled to recover the penalty for usury, plaintiff must show that there was a loan or forbearance of money made with the understanding of repayment, that for such loan or forbearance a greater rate of interest than is allowed by law was paid, and that there was a corrupt intent on the part of defendant to take more than the legal rate of interest for the use of the money.

2. **Same—**

   If a transaction is a sale and not a loan, the fact that the differential between the cash and the sale price exceeds the legal rate of interest does not render the transaction usurious, but if the form of the transaction is a mere subterfuge to conceal an exaction of more than the legal rate of interest on what is in fact a loan and not a sale, the transaction will be regarded according to its true character and will be held usurious,

and if the nature of the transaction is doubtful the question is for the determination of the jury.

**3. Same—**

If the transaction between the purchaser and the dealer is in fact a sale and not a loan and is not, therefore, usurious even though the credit price exceeds the cash price by more than the legal interest, such transaction is not converted into a loan by reason of the fact that a finance company solicits the business of discounting the purchase money notes from the dealer and furnishes forms for the contracts and a schedule or table for the dealer to compute the finance charges, and the contract, being valid between the original parties, is enforceable by the finance company.

**4. Same—**

In this action by a finance company as assignee or purchaser of a note given for the balance of the purchase price of an automobile, nonsuit should have been entered on defendant's counterclaim for usury upon evidence tending to show that plaintiff voluntarily purchased the automobile and signed a "confirmation of sale" showing a differential for time payment over the cash price in an amount exceeding the legal interest, notwithstanding evidence that the finance company furnished the printed form of the contract, since the evidence discloses that the transaction was a *bona fide* sale and not a loan or forbearance of money. G.S. 24-2.

APPEAL by plaintiff from *Martin, S. J.,* February 1963 Session of BUNCOMBE.

Action by plaintiff for a deficiency judgment on an instalment note and foreclosure of a chattel mortgage on an automobile. Defendant counterclaims for the penalty arising from an alleged exaction of usury.

From judgment in favor of defendant, plaintiff appeals.

*Lee, Lee & Cogburn for plaintiff.*
*Williams, Williams & Morris for defendant.*

MOORE, J.   The evidence discloses the following undisputed facts: On 17 June 1960 defendant purchased a secondhand automobile from Dorato Motors, Inc., at Oteen, North Carolina. Defendant paid $500 in cash and executed a promissory note in the amount of $1171.20, with interest from maturity at 6% per annum, payable to Dorato in 24 equal monthly instalments of $48.80; she executed to C. J. O'Connell, Trustee, and Dorato a "deed of trust on personal property" (chattel mortgage) conveying the automobile as security for the note, and obligating defendant to maintain fire, theft and collision insurance with loss payable to Dorato; and she signed a "Confirmation of Sale," showing the transaction, and containing among others the following entries:

```
Cash Selling Price of Car...... . .............................$1295.00
Accessories .......................... .....N. C. Sales Tax
Total Cost including accessories........ .... .................$1295.00
Cash Down Payment.......................... ..$500.00
Total Credit ................ ................. .... .............:........   500.00
Balance Due ............... .. ............................ ......... .....   795.00
Plus Differential for time payment.. .. ....... ....... . .$  376.20
Total Selling Price of Car—Including
        Time Differential ...........................................  1171.20
There are spaces for showing insurance
        coverages, but none are filled in ·
Payments $48.80 each month for 24 months
        Beginning 17 July 60.
```

The note and chattel mortgage are on forms supplied to Dorato by plaintiff. C. J. O'Connell is secretary to one of the officials of plaintiff and plaintiff had issued instructions that O'Connell was to be trustee in the instruments purchased by it. There was no contract or agreement that plaintiff would purchase any particular notes or chattel mortgages accepted by Dorato. Defendant's note and chattel mortgage were purchased by plaintiff about 20 June 1960 for $899.28, and the "Confirmation of Sale" was delivered to plaintiff along with the note and chattel mortgage. Plaintiff obtained fire, theft and collision insurance and credit life insurance and paid premiums of $121 and $23.42. It also paid a title recording fee of $1.50. Plaintiff's profit was $126.

On 28 February 1962 plaintiff filed this action and complained that defendant was in default in the payment of the note in the amount of $334.70 and prayed for judgment in that amount and for foreclosure of its lien. On 8 March 1962 defendant paid the note in full according to its tenor. Defendant then answered the complaint and alleged that the note was usurious, the principal was $795, and the so-called "differential for Time Payment" of $376.20 was interest, and asked for recovery of $752.40 under the double-interest penalty of G.S. 24-2.

Defendant was permitted, over the objection of plaintiff, to testify that the total purchase price of the car is $1295, she paid $500 leaving a balance due of $795, and the $376.20 shown on the "Confirmation of Sale" is interest.

The trial proceeded only upon the counterclaim. The court denied plaintiff's motions to nonsuit the counterclaim. The jury found that plaintiff charged and received usurious interest and fixed the penalty at $752.40.

The usury statute, G.S. 24-2, provides, in part, that "The taking, receiving, reserving or charging a greater rate of interest than six per centum per annum, either before or after the interest may accrue, when knowingly done, shall be a forfeiture of the entire interest . . . and in case a greater rate of interest has been paid, the person . . . by whom it has been paid, may recover back twice the amount of interest paid . . ."

To maintain an action for the usury penalty the claimant must show: (1) That there was a loan, express or implied. (Or a forbearance of money, *Miller v. Dunn*, 188 N.C. 397, 124 S.E. 746; *Churchill v. Turnage*, 122 N.C. 426, 30 S.E. 122). (2) That there was an understanding between the parties that the money lent would be returned. (3) That for such loan or forbearance a greater rate of interest than is allowed by law was paid. (4) That there was a corrupt intent to take more than the legal rate for the use of the money. *Preyer v. Parker*, 257 N.C. 440, 125 S.E. 2d 916; *Loan Co. v. Yokley*, 174 N.C. 573, 94 S.E. 102; *Doster v. English*, 152 N.C. 339, 67 S.E. 754. If in fact the transaction is a bona fide sale and not a loan of money, it is not usurious. *Yarborough v. Hughes*, 139 N.C. 199, 51 S.E. 904. But if the form of the transaction is a subterfuge to conceal an exaction of more than the legal rate of interest on what is in fact a loan and not a sale, the transaction will be regarded according to its true character and will be held usurious. *Ripple v. Mortgage Corp.*, 193 N.C. 422, 137 S.E. 156. The law considers the substance and not the mere form or outward appearances. *Sherrill v. Hood, Commissioner of Banks*, 208 N.C. 472, 181 S.E. 330; *Pratt v. Mortgage Company*, 196 N.C. 294, 145 S.E. 396. If the transaction is of doubtful character it should be submitted to the jury for determination. *Loan Co. v. Yokley, supra; Sherrill v. Hood, Commr. of Banks, supra; Doster v. English, supra; Bank v. Wysong & Miles Co.*, 177 N.C. 284, 98 S.E. 769.

Most of the states have usury laws of the same import as the North Carolina statute. In interpreting these laws in relation to transactions such as the one *sub judice* there have been declared, by the overwhelming weight of authority, the following principles: (1) Usury can only attach to a loan of money or to forbearance of a debt. *Commercial Credit Co. v. Tarwater*, 110 S. 39, 48 A. L. R. 1437 (Ala. 1926). (2) A vendor may fix on his property one price for cash and another for credit, and the mere fact that the credit price exceeds the cash price by a greater percentage than is permitted by the usury laws is a matter of concern to the parties and not to the courts, barring evidence of bad faith. *Van Asperen v. Darling Olds*,

*Inc.,* 93 N.W. 2d 690 (Minn. 1958); *National Bond & Investment Co. v. Atkinson,* 254 S.W. 2d 885 (Tex. 1952); *Brown v. Crandall,* 61 S.E. 2d 761 (S. C. 1950); 91 C. J. S., Usury, s. 18, p. 589. (3) Usury cannot be predicated upon the fact that property is sold on a credit at an advance over what would be charged in case of a cash sale so long as it appears that the price charged is in fact fixed for the purchase of goods on credit with no intention or purpose of defeating the usury laws, even though the difference between the cash price and the credit price, if considered as interest, amounts to more than the legal rate. *Bryant v. Securities Investment Co.,* 102 S. 2d 701 (Miss. 1958); *Newkirk v. Universal C. I. T. Credit Corp.,* 90 S.E. 2d 618 (Ga. 1955); *Wilson v. J. E. French Co.,* 4 P. 2d 537 (Cal. 1931); *Commercial Credit Co. v. Shelton,* 104 S. 75 (Miss. 1925); *Davidson v. Davis,* 52 S. 139 (Fla. 1910). (4) A *bona fide* credit sale upon an instalment payment basis does not involve a loan of money or a forbearance of a debt within the meaning and application of the usury laws. *Zazzaro v. Colonial Acceptance Corp.,* 167 A. 734 (Conn. 1933). (5) A finance company is not precluded from enforcing a credit sale contract according to its terms, if valid between the original parties, although the credit price exceeds the cash price by more than the legal interest. And such transaction is not converted into a loan by reason of the fact the finance company solicited such business from the dealer and furnished forms for the contract, and if the seller computes the finance charge in accordance with a table or schedule furnished by the finance company. *Black v. Contract Purchase Corp.,* 42 N.W. 2d 768 (Mich. 1950); *Commercial Credit Co. v. Tarwater, supra.*

We cite only a few cases in support of the foregoing propositions. Authorities are so numerous that an exhaustive listing would seem supererogatory. It suffices here to refer to the citations, listings, annotations and supplements of 143 A.L.R. 238-268; 57 A.L.R. 880, 881; 48 A.L.R. 1442-1446. A few jurisdictions have contrary holdings on some aspects of these matters but most of them are based on statutes differing from ours and regulating retail credit sales. *Trailmobile, Inc. v. Hardesty,* 112 N.W. 2d 535 (Neb. 1961); *National Bond & Investment Co. v. Atkinson, supra; Universal Credit Co. v. Lowell,* 2 N.Y.S. 2d 743 (1938); *E. Tris Napier Co. v. Trawick,* 139 S.E. 552 (Ga. 1927).

"If there is a real and bona fide purchase, not made as the occasion or pretext for a loan, the transaction will not be usurious even though the sale be for an exorbitant price, and a note is taken, at legal rates, for the unpaid purchase money. The reason is that the

statute against usury is striking at, and forbidding, the extraction or reception of more than a specified legal rate for the hire of money, and not for anything else; and a purchaser is not, like the needy borrower, a victim of a rapacious lender, since he can refrain from the purchase if he does not choose to pay the price asked by the seller." *General Motors Acceptance Corp. v. Weinrich,* 262 S.W. 425 (Mo. 1924).

We are unable to distinguish the instant case from *Hendrix v. Cadillac Co.,* 220 N.C. 84, 16 S.E. 2d 456 (1941). It is a *per curiam* opinion and does not recite the facts. An examination of the record on appeal reveals the following. Plaintiff purchased a secondhand automobile from defendant-dealer. Dealer quoted a price of $400; plaintiff made a cash payment of $135. In the note and conditional sale contract executed by plaintiff $72.20 was added for time price differential and insurance. The note was for $337.20 payable in 15 equal monthly instalments. The time price differential, after deducting therefrom an insurance premium, exceeded the legal rate of interest on $265 for the term of the note. Plaintiff testified he did not know the $72.20 had been added. The credit papers were assigned to a finance company. Plaintiff paid the note in full and sued the dealer and finance company for usury penalty. The trial judge nonsuited plaintiff. On appeal this Court declared: "An examination of the evidence convinces us that the transaction involved was indeed a sale and not a loan and therefore the cause of action alleged by plaintiff is not sustained by the evidence."

The instant case is in all material respects factually parallel to the *Hendrix* case. The transaction was a sale and not a loan or forbearance of debt. For a case constituting a sale in form but a loan in fact, see *Ripple v. Mortgage Corp., supra.*

The General Assembly has provided that time prices for supplies advanced for cultivation of crops shall not exceed ten per cent over the retail cash prices. G.S. 44-54. But there is no statute regulating time prices in general retail credit sales payable in instalments.

The court below erred in overruling plaintiff's motion to nonsuit defendant's counterclaim.

Reversed.