ROY HANSEN v. JONAS W. KESSING COMPANY

No. 7215SC393

(Filed 2 August 1972)

1. **Bills and Notes § 20— summary judgment — no genuine issue of material fact with respect to ownership of note**

   Summary judgment was properly entered where there was no genuine issue of material fact as to whether plaintiff was the owner and holder of the note in question by virtue of defendant's having executed and delivered it to Roy Hansen Mortgage Company, a sole proprietorship, rather than to Roy Hansen Mortgage Company, a Virginia corporation.

2. **Brokers and Factors § 6— usurious loan — brokerage fee collectible**

   Usury statutes will not deny plaintiff his right to collect from defendant his brokerage commission, though earned for negotiating a usurious loan, because such statutes are aimed only at preventing the extraction or reception of more than a specified legal rate for the hire of money. G.S. 24-2.

APPEAL by defendant from *Long, Judge,* 15 November 1971 Session of Superior Court held in ORANGE County.

This is a civil action wherein plaintiff, Roy Hansen, seeks to recover an indebtedness of $9,000 evidenced by a promissory note executed by the defendant dated 30 June 1969.

The defendant filed answer wherein it admitted execution and delivery of the promissory note to Roy Hansen Mortgage Company, but denied that the plaintiff Roy Hansen was the holder and owner of the said note and pleaded in bar of plaintiff's right to recover that the note sued on evidenced a brokerage fee for Roy Hansen Mortgage Company for brokering in behalf of the defendant a usurious equity participation loan in the principal sum of $250,000 from National Mortgage Company. From summary judgment entered in favor of the plaintiff, the defendant appealed.

*Graham & Cheshire by Lucius M. Cheshire for plaintiff appellee.*

*Newsom, Graham, Strayhorn, Hedrick & Murray by Josiah S. Murray III for defendant appellant.*

HEDRICK, Judge.

[1] The defendant contends the record shows there is a genuine issue of material fact as to whether the note in question

was executed and delivered by the defendant to Roy Hansen Mortgage Company, a Virginia corporation, or Roy Hansen Mortgage Company, a sole proprietorship. We do not agree.

When a motion for summary judgment is made and supported as provided in Rule 56: "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56(e) ; *Robinson v. McMahan,* 11 N.C. App. 275, 181 S.E. 2d 147 (1971).

In its answer defendant admits execution and delivery of the note to Roy Hansen Mortgage Company. The plaintiff's motion for summary judgment was supported by Hansen's deposition that Roy Hansen Mortgage Company, a Virginia corporation, had been dissolved and that the plaintiff was operating as Roy Hansen Mortgage Company, a sole proprietorship, when the note in question was negotiated and executed. The defendant filed no affidavits opposing plaintiff's motion. We agree with the ruling of the trial judge that the record shows there is no genuine issue as to whether plaintiff is the owner and holder of the note in question.

[2]  The defendant further contends:

"The subject promissory note is not enforceable since it was taken as compensation for having brokered a usurious equity participation loan prohibited by North Carolina General Statute 24-8."

The record clearly reveals that at least $7,000 of the principal sum of the promissory note was in payment of the plaintiff's fee in brokering a usurious equity participation loan for the defendant from National Mortgage Company, *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971) ; $2,000 of the indebtedness evidenced by the note was for other services performed for the defendant by the plaintiff and was not connected with the "usurious loan." Narrowly put, the question presented is whether brokerage commissions may be recovered for negotiating a usurious loan. The conduct condemned by our usury statutes is the extraction or reception of more than a specified legal rate for the hire of money, and not for anything else. *Bank v. Hanner,* 268 N.C. 668, 151 S.E. 2d 579 (1966) ;

*Bank v. Merrimon,* 260 N.C. 335, 132 S.E. 2d 692 (1963) ; G.S. 24-2. The charging of usurious interest strips the debt of all interest, and it simply becomes a loan which in law bears no interest. *Kessing v. Mortgage Corp., supra.*

Defendant still enjoys the fruits of plaintiff's services. We do not think he can avoid payment for these services simply because the defendant and the lender chose to enter into an agreement which was in violation of the North Carolina usury statutes. There is nothing in this record to show that the plaintiff did more than bring the borrower and the lender together. He did not make the loan or negotiate its terms. Although the evidence reveals he was present at the closing, he in no way participated either directly or indirectly in the loan proceeds to the borrower or the loan charges paid to the lender.

We think the trial judge correctly held that the pleadings and affidavits on file show there is no genuine issue as to any material fact and that the plaintiff is entitled to judgment on his claim on the promissory note dated 30 June 1969 as a matter of law. The Judgment appealed from is

Affirmed.

Judges BROCK and MORRIS concur.